THE STATE OF OHIO, APPELLEE, *v.* BALLOU, APPELLANT.

(No. 10876—Decided August 4, 1969.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. J. William Duning,* for appellee.
*Mr. Earl T. Wagner,* for appellant.

SHANNON, P. J. This is an appeal on questions of law from the Hamilton County Municipal Court from an order overruling a motion for a new trial in a criminal prosecution.

Defendant, appellant herein, was charged pursuant to

Section 4507.38, Revised Code, with operating a motor vehicle during a period in which his driver's license had been suspended. He elected to be tried by the court on a plea of not guilty, was found guilty and sentenced as prescribed by law.

In this appeal there are five assignments of error, the fourth of which is dispositive of the case. The claim set forth therein is that the court erred in having, itself, called as a witness a deputy clerk of court and, over objection, permitting him to testify without first having been sworn.

It appears from the "corrected" narrative bill of exceptions signed and allowed by the trial judge that:

"The court then beckoned Chester A. Whitney to come before him, the said Whitney at the time being a municipal court deputy clerk on duty on March 20, 1969. Whitney was not sworn and defense counsel objected. The court overruled this objection stating that, as an officer of the court, Whitney need not be sworn, since he was an officer of the court."

Thereafter, the "witness" identified certain paper writings which pertained to alleged prior findings of guilt of the defendant on traffic offenses and of the suspension of his driver's license. The items identified by Whitney were admitted into evidence as exhibits, over objection. Whitney stated that he had had no part in making up the exhibits and had not "checked them for accuracy." There was no testimony offered by the defense.

The established rule at common law, that no witness could be examined except upon oath, is clearly set forth in *Clinton* v. *State*, 33 Ohio St. 27, at page 32, decided in the December Term, 1877, where, in referring to Section 7, Article I of the Ohio Constitution, the court said:

"This provision of the Constitution recognizes and guarantees unqualified liberty of religious faith. But in doing so recognizes the necessity, to the proper administration of law and justice, that all witnesses must testify under the obligations of an oath or affirmation. * * *"

To those who would derogate the vitality of the oath, we commend the timeless wisdom of these words:

"The purpose of the oath is not to call the attention of God to the witness, but the attention of the witness to God; not to call upon him to punish the false-swearer, but on the witness to remember that He will assuredly do so. By thus laying hold of the conscience of the witness, and appealing to his sense of accountability, the law best insures the utterance of truth." *Clinton* v. *State*, 33 Ohio St. 27, at page 33.

We are aware of the pronouncement of this court in *Title Guarantee & Trust Co.* v. *Wilby*, 78 Ohio App. 183, that:

"The sanction of an oath to one who produces evidential data is not an essential attribute of a trial of an issue of fact." (Paragraph one of the syllabus.)

However, the latter case and the one at bar can be distinguished. *Title Guarantee & Trust Co.* v. *Wilby* involved an action to secure the approval of the resignation of the trustee and of the accounting which it made. Certain documents and written instruments were handed to the court by counsel, but no objection was made to the failure to administer an oath to any witness. In the matter before us, we are confronted with a criminal prosecution in which objection to testimony introduced by one who was unsworn was timely made. In addition, the items which were identified, although evidential data, were vital to the state's case in that they demonstrated prior charges, convictions and sentences upon which the charge at bar rested.

We hold that to adduce evidence through one not under oath, even though he is an attache of the court and presumably sworn faithfully to perform the duties of his office, over objection in a criminal case constitutes error prejudicial to the defendant.

The judgment of the Hamilton County Municipal Court is reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.