ALLSTATE INSURANCE COMPANY, APPELLANT, *v.* RULE ET AL., APPELLEES.

(No. 80-160—Decided December 10, 1980.)

Dooley, Heath & Schneider Co., L.P.A., and *Mr. James V. Heath*, for appellant.

Messrs. Musgrave, Musgrave & Casey, *Mr. Raymond G. Musgrave, Mr. James M. Casey* and *Mr. Joseph L. Cain*, for appellee Judy Branham.

*Per Curiam.* Three fundamental errors, arising from the informal hearing conducted by the trial court on the merits of Allstate's claim, dictate that the judgment entered against Allstate on its complaint for a declaratory judgment be set aside and the cause remanded for further proceedings. Therefore, it is unnecessary for this court to consider the claim that the trial court abused its discretion in refusing to grant Allstate's request for a continuance due to the inclement weather conditions.

First, the provisions of Civ. R. 41(B)(1)[1] provide for a dismissal upon the failure of the plaintiff to prosecute a claim,[2] and such a dismissal operates as an adjudication on the merits. Civ. R. 41(B)(3).[3] Hence, where a plaintiff fails to appear on the date set for a hearing, the court may either order a Civ. R. 41(B)(1) dismissal or grant a continuance. There is no authority in the Civil Rules for proceeding to a trial on the merits of the plaintiff's claim in his absence.

Secondly, Section 7 of Article I of the Constitution of Ohio[4] requires an oath or affirmation as a prerequisite to the testimony of a witness. See *Clinton* v. *State* (1877), 33 Ohio St. 27, paragraph two of the syllabus; *State* v. *Ballou* (1969), 21 Ohio App. 2d 59, 60. Here, the trial court relied errone-

---

[1] Civ. R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

[2] See *Dolan* v. *Fulkert* (1972), 30 Ohio App. 2d 165, 168.

[3] Civ. R. 41(B)(3) provides:

"A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

[4] Section 7 of Article I of the Constitution of Ohio provides, in pertinent part:

"****[N]or shall any person be incompetent to be a witness on account of his religious belief; but nothing herein shall be construed to dispense with oaths and affirmations.****"

ously upon the unsworn testimony of Rose Weser and Stanley Weser in reaching its decision.

Thirdly, Civ. R. 33(A)[5] mandates that answers to interrogatories be signed, sworn to and served upon the party submitting them. A document which purports to contain the answers of the defendant Rule to interrogatories submitted by the defendant and cross-claimant Branham was filed with the clerk of courts and apparently considered by the court with respect to Allstate's claim, notwithstanding the fact that the document did not contain the signature of Rule, bore no jurat and was not served. The use of such a document in determining the merits of a claim is erroneous.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

---

[5] Civ. R. 33(A) provides, in pertinent part:

"Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them. The party upon whom the interrogatories have been served shall serve a copy of the answers and objections within a period designated by the party submitting the interrogatories, not less than twenty-eight days after the service thereof or within such shorter or longer time as the court may allow.***"