**KOOB, Appellee,**

v.

**RUE et al., Appellants.**

[Cite as *Koob v. Rue* (1992), 73 Ohio App.3d 418.]

Court of Appeals of Ohio,
Greene County.

No. 90 CA 131.

Decided May 5, 1992.

*David W. Cox*, for appellee.

*Richard C. Houck,* for appellants.

---

RINGLAND, Judge.

Appellants, Roger and Tammy Rue, appeal from the default judgment entered by the trial court in the forcible entry and detainer action instituted by the appellee landlord, Christopher J. Koob, wherein the appellee was awarded restitution of the premises. Appellants present for our consideration the following assignments of error:

"I. The trial court erred and abused its discretion by granting a default judgment against defendants-appellants when the plaintiff/appellee failed to appear, either in person or through a representative, on the day of trial, but defendants/appellants appeared at the time set for trial.

"II. The trial court erred and abused its discretion by granting a default judgment against defendants-appellants in an action in forcible entry and detainer when defendants/appellants did not file an answer, but did appear in court to defend the action, and when counsel for plaintiff/appellee failed to serve defendants/appellants with a notice of the application for the default judgment."

Appellants are tenants in a federal subsidized Section 8 housing project owned by appellee and located at 1595 June Drive, Xenia, Ohio. The appellants were served with a notice to leave said premises on or about September 10, 1990. Appellee filed a *pro se* complaint against the appellants on September 18, 1990, which was personally served upon the appellants on September 21, 1990. The hearing as set forth in the summons was to be held on October 11, 1990 at 1:00 p.m.

On the October 11, 1990 hearing date, the appellants appeared, unrepresented by counsel, before a judge of the Xenia Municipal Court. Appellee failed to appear through counsel or otherwise at this hearing; thus, no testimony or evidence was presented to the court on the hearing date which appellants had been given. Due to appellee's absence, no hearing was held and no record was made of the proceedings. The court made the following notation in the transcript of docket and journal entries on October 11, 1990: "Count I hearing-Defendants came to Court and Plaintiff did not show. No 10 day order."

By October 22, 1990, the appellee had obtained counsel, who on that date filed a motion for default judgment against the appellants. The motion for

default did not have a certificate of service attached to it, and a separate certificate of service was not filed with the trial court.

The court granted a default judgment against the appellants on October 25, 1990, which provided for restitution of the premises on or before October 30, 1990, at which time execution would issue. The issues of back rent and damages were to be set for a hearing, according to the judgment, which had been prepared by appellee's attorney.

On October 29, 1990, a notice of hearing was mailed to appellants, as was a copy of the aforementioned judgment. The notice stated that the hearing on back rent and damages would be heard on December 6, 1990.

Appellants' attorney filed this appeal on November 15, 1990.

■ In the appellants' first assignment of error, it is alleged that the court erred in granting a default judgment when it was the appellee who did not appear for the hearing on October 11. Appellants, citing *Allstate Ins. Co. v. Rule* (1980), 64 Ohio St.2d 67, 18 O.O.3d 299, 413 N.E.2d 796, opine that the trial court should have either dismissed the action or continued it once the appellee failed to appear on the hearing date. Appellants miss the point, however, because the court neither rendered a default judgment on the day that appellee failed to appear, nor did it proceed to a trial on the merits in appellee's absence, as was the case in *Allstate, supra*. By not proceeding to a trial on the merits or entering a judgment on October 11, 1990, the court effectively granted a continuance. The appellants' first assignment of error is overruled; however, the trial court's error and/or abuse of discretion in granting the default judgment subsequent to the October 11 hearing are discussed below in appellants' second assignment of error.

■ In their second assignment of error, the appellants assert that the trial court abused its discretion by granting appellee's motion for default judgment when they were technically not in default, and they had not received notice of the motion for default judgment. We agree with appellants' contentions here. Pursuant to the terms of Civ.R. 55(A), a default judgment is only appropriate where the defendant has failed to plead or otherwise defend as provided by the Civil Rules.

The appellee should not have been heard to complain of appellants' failure to "otherwise defend" when the appellants did, in fact, appear before the trial judge on the time and date set for the hearing, and would have defended the case if it were not for the fact that appellee failed to appear, and the court did not proceed in his absence. Thus, the trial court abused its discretion by finding the appellants to be in default.

Furthermore, appellants were not given any notice of the default motion. Civ.R. 55(A) provides in pertinent part as follows:

"If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

The record clearly indicates that appellants appeared in the action on October 11, 1990. Thus, they were entitled to notice, which they did not receive. Both on the federal and the state level, courts have consistently held that default judgments entered without the required notice must be reversed on appeal. See *Gagliardi v. Flowers* (1984), 13 Ohio App.3d 238, 13 OBR 290, 468 N.E.2d 933, and *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282. Due process requires that parties to an action be given adequate notice of all judicial proceedings in that action, and the failure to follow the provisions contained in Civ.R. 55(A) constitutes a denial of due process. *Ries Flooring Co. v. Dileno Constr. Co.* (1977), 53 Ohio App.2d 255, 7 O.O.3d 320, 373 N.E.2d 1266. Although the appellee submits that he is not obligated to follow the provisions of Civ.R. 55(A) due to the need for expediency in forcible entry and detainer actions, we must reject this notion, inasmuch as appellants received *no notice whatsoever* prior to the default judgment. We hold that the trial court abused its discretion in granting the default judgment; thus, the trial court's judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

WILSON and WOLFF, JJ., concur.

ROBERT P. RINGLAND, J., of the Clermont County Court of Common Pleas, sitting by assignment.