Petitioner-appellant, Richard F. Leopard, appeals from a judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, overruling his objections to the magistrate's decision in which the magistrate, inter alia,
terminated the parties' shared parenting plan, designated petitioner-appellee, Cheri L. Leopard, as residential parent, and ordered appellant to pay child support retroactive to August 15, 1996.
The parties were married on November 5, 1980. Two children were born as issue of the marriage, Erik Howard Leopard, born November 15, 1974 and Valerie Ann Leopard, born January 3, 1981. Appellee filed a petition for dissolution of the marriage on March 15, 1996. The court granted the petition on April 17, 1996, incorporating the parties' separation agreement and shared parenting plan into the decree of dissolution. The shared parenting plan provided that each parent would be nominated the residential parent and legal custodian of the minor child, Valerie, while Valerie was in his or her lawful custody. The plan then provided that Valerie, and her circumstances, would dictate the actual time Valerie spent in each parent's home. Specific visitation was limited to Mother's Day with appellee, Father's Day with appellant and Valerie's birthday with each parent. Anticipating that Valerie would reside with each parent on an equal basis, the parties agreed to waive child support. The parties agreed to provide equally for Valerie, with the exception that appellant would pay for all of her extracurricular expenses.
While child support was waived under the shared parenting plan, the separation agreement required appellant to pay appellee $500 per week until the marital residence was sold. The marital residence was not sold until July 17, 1997.
On August 15, 1996, appellee moved the court for an order modifying the parties' parental rights and responsibilities. In her memorandum in support of her motion, appellee stated that appellant had remarried and had an income in excess of $65,000 and that Valerie was spending approximately seventy-five percent of her time with appellee, who earned only $27,000. Accordingly, appellee argued that, based on the change of circumstances in Valerie's living arrangements and the disparity in the parties' incomes, she was entitled to an award of child support.
On November 13, 1996, appellee filed a motion requesting that the court terminate the shared parenting arrangement, designate appellee as residential parent, and order appellant to pay child support pursuant to the guidelines. In support of this motion, appellee stated that she had moved out of the marital residence; that Valerie was spending minimal time with appellant; and that appellant had failed to meet his financial obligations to Valerie.
Both motions were set to be heard before a magistrate on September 22, 1997. The proceedings before the magistrate were not recorded. However, the record contains the affidavit of appellant's counsel, filed in accordance with Civ.R. 53(E)(3)(b), which sets forth the events of September 22, 1997.
According to the affidavit, the magistrate requested to meet with counsel in chambers on the morning of September 22, 1997. At this informal meeting, counsel for appellee informed the magistrate that appellee wanted the court to terminate the shared parenting plan and order appellant to pay child support retroactive to August 15, 1996. Counsel for appellant explained the unusual circumstances regarding the waiver of child support, the agreement to allow Valerie to choose her residence, the very limited specific visitation and appellants' weekly $500 payment to appellee. Counsel for appellant maintained that the current situation was fully contemplated by the parties at the time they agreed to the shared parenting plan; therefore, a change in circumstances did not exist within the meaning of R.C. 3109.04(E)(1) to justify modifying or terminating the plan. Counsel for appellee argued that the only test to be applied was the "best interest of the child test" and that Valerie had become integrated into appellee's home.
Counsel also discussed the issue of child support and, more specifically, the appropriate starting date for payment if support was ultimately ordered. Counsel for appellee requested that support be ordered retroactive to August 15, 1996. Counsel for appellant argued that it would be unfair to order appellant to pay child support for any time prior to the sale of the marital residence in July 1997 because until that time he had been paying appellee $500 per week pursuant to the terms of the separation agreement.
Upon hearing the arguments of counsel, the magistrate indicated that she was inclined to name appellee as the residential parent since that was Valerie's preference. The magistrate also indicated that she agreed with appellant that the starting date for payment of child support should be July 17, 1997, the date the marital residence was sold and the $500 weekly payments ended.
Counsel informed their respective clients of the discussion with the magistrate. Appellant agreed to a termination of the shared parenting plan if child support was ordered to begin on July 17, 1997. Appellee was unwilling to accept the July 17, 1997 child support start date. Counsel for appellee then proposed to appellant's counsel that, given the magistrate's indication that she was inclined to order the child support payments to begin in July 1997 rather than August 1996, appellee should be given five minutes to state her position on this issue in open court. Counsel for appellant agreed to this arrangement, with the proviso that appellant be given the same opportunity.
Before appearing before the magistrate, counsel jointly drafted a list of seventeen stipulations, which provided,inter alia, that: the shared parenting plan was to be terminated (Stipulation 1); appellee was to be designated residential parent (Stipulation 2); the magistrate would determine the effective date for commencement of child support and how any arrearage should be liquidated (Stipulation 5); appellant would pay child support pursuant to guidelines (Stipulation 6); and Valerie began residing primarily with appellee in August 1996 (Stipulation 14). The stipulations did not indicate that appellant agreed to terminate the shared parenting plan and designate appellee as residential parent only upon the condition that the child support payments would commence on July 17, 1997. The stipulations were signed by counsel for both parties; however, the parties themselves did not sign the stipulations.
Counsel met again with the magistrate in chambers and gave the magistrate the written stipulations. Counsel explained that the parties had agreed on everything but the starting date for the payment of child support. Counsel also explained that, given the magistrate's prior indication that she would begin the child support payments in July 1997, the parties agreed that the issue should be submitted to the magistrate after each party was given five minutes in open court to state their position. The magistrate agreed to this procedure.
Thereafter, the parties and counsel assembled in the courtroom. The proceedings before the magistrate were not recorded. The parties were not sworn, but were allowed five minutes each to make a statement. Appellee asserted that she was unemployed and had to rely on her mother and boyfriend for financial help. Appellant stated that he had paid appellee $500 per week from March 1996 through July 1997 and argued that it would be unfair to require him to pay more money for that period of time. According to the affidavit, at no time during the conferences or the proceedings in open court did the magistrate indicate that she was having second thoughts or misgivings about her earlier indication that child support would begin as of July 17, 1997; had she made any such indication, appellant would have proceeded to try all of the issues raised in appellee's motions.
The magistrate filed a decision on October 7, 1997 which incorporated the aforementioned stipulations. In accordance with the stipulations, the magistrate terminated the shared parenting plan and designated appellee as residential parent and legal custodian. The magistrate ordered appellant to pay child support in the amount of $645.65 per month plus poundage retroactive to August 15, 1996. By judgment entry, the trial court adopted the magistrate's decision of October 7, 1997 on October 7, 1997.
Appellant filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52 and 53(E)(2) on October 14, 1997. When the findings of fact and conclusions of law were not forthcoming, appellant, on January 22, 1998, moved the court for an order staying the magistrate's decision until such time as the magistrate filed an amended decision including findings of fact and conclusions of law. In his memorandum in support of his motion, appellant noted that he could not file objections until an amended magistrate's decision was filed.
Appellant's motion for stay was heard by the trial court on March 5, 1998, at which time counsel for appellant explained the rather unusual proceedings before the magistrate. Counsel argued that appellant was entitled to findings of fact and conclusions of law with regard to the magistrate's decision regardless of whether or not an actual hearing took place before the magistrate. The trial court disagreed, stating that because the parties agreed to waive their right to a hearing, appellant was not entitled to findings of fact and conclusions of law. The trial court admonished appellant's counsel for "try[ing] to do something less than a hearing," and directed counsel to file objections to the magistrate's decision. Appellant's motion for stay was formally denied by the court on April 24, 1998.
On March 12, 1998, appellant filed thirteen objections to the magistrate's October 7, 1997 decision, along with the aforementioned affidavit. In his objections, appellant argued,inter alia, that: 1) there was insufficient evidence to terminate the shared parenting plan since there were no findings regarding a change of circumstances or the best interest of the child; 2) there was no evidence to support a finding that appellee should be the residential parent and legal guardian of the child; 3) the magistrate failed to follow R.C. 3109.04 because she made no finding that the agreed changes in the shared parenting plan were in the best interest of the child; 4) the magistrate failed to follow R.C. 3109.04
in terminating the shared parenting plan because she made no finding that termination of the plan was in the best interest of the child; 5) the magistrate erred in ordering appellant's child support obligation to commence on August 15, 1996, rather than the date the marital residence was sold, July 17, 1997; and 6) the magistrate erred in incorporating into her decision the stipulations submitted by the parties when the magistrate knew that appellant agreed to the stipulations only on the reasonable assumption that the child support obligation would not commence until July 1997.
A hearing on appellant's objections was held before the trial court on April 30, 1998. The trial court noted that although the stipulations provided for the termination of the shared parenting plan and the designation of appellee as residential parent, appellant had nonetheless objected to the magistrate's decision regarding those two issues. Counsel for appellant argued that appellant had agreed to those two issues based upon the magistrate's representations that she would order the child support payments to commence on July 17, 1997. The trial court responded that the stipulations did not contain any such conditional language. The trial court then explained to appellant the difficulty in reviewing the magistrate's decision since no record had been made of the proceedings before the magistrate. Accordingly, the trial court orally overruled the objections. The trial court found that the objections were untimely filed, that the court could not review a record that did not exist and that appellant had stipulated to the matters to which he now objected. Thereafter, the trial court overruled appellant's objections by entry dated May 20, 1998. Appellant filed a timely appeal, asserting the following four assignments of error.
 [I]. The trial court erred in ruling that findings of fact and conclusions of law were not required when deciding a motion to modify child support.
 [II]. The trial court erred when it concluded that appellant's objections to the magistrate's decision were not timely filed.
 [III]. The trial court erred when it overruled appellant's objections to the magistrate's decision for lack of a sufficient record to review.
 [IV]. It was error for the trial court to overrule appellant's objections to the magistrate's decision where the magistrate initiated settlement negotiations, led appellant to believe child support would start as of July, 1997 and then ordered child support to begin as of August 15, 1996.
Preliminarily, we note that the rulings made by the trial court in this case, and of which appellant now complains, stemmed in large part from the unusual procedural posture of this case, which resulted from what we must assume were counsel's efforts to expedite the case and save their clients the expense of a trial. As previously noted, instead of trying the issues raised in appellee's motion before the magistrate, counsel chose to stipulate to the termination of the shared parenting plan and the designation of appellee as residential parent and to allowing the magistrate to determine the appropriate starting date for the payment of child support. Counsel then agreed that the parties would make only unsworn statements before the magistrate as to the appropriate starting date for child support payments. Counsel did not request that the proceedings before the magistrate be recorded, nor did the magistrate make such an order. Thereafter, in accordance with the stipulations, the magistrate terminated the shared parenting plan, designated appellee as residential parent and selected a date for the commencement of child support payments.
The thrust of appellant's argument before this court is set forth in the third assignment of error, in which appellant contends that the trial court erred in summarily overruling his objections to the magistrate's decision. In his objections to the magistrate's decision, appellant argued that the decision did not comport with the dictates of R.C. 3109.04(E)(1)(a)[1]
because the magistrate made no finding that a change of circumstances had occurred or that the modification of the parties' parental rights and responsibilities was necessary to serve the best interest of the child. As the trial court noted, however, counsel stipulated to a modification of the parties' parental rights and responsibilities. The stipulations became a part of the proceeding before the magistrate and were thereafter incorporated into the magistrate's decision. At the hearing on the objections to the magistrate's decision, counsel for appellant argued before the trial court that he agreed to a modification of the parties' parental rights and responsibilities only on the condition that appellant's child support obligation would not begin until July 1997. As the trial court noted, the stipulations contained no such conditional language. Accordingly, under ordinary circumstances, this court would find that because the written stipulations constituted the only competent, credible evidence before the magistrate on the issue of the modification of the parties' parental rights and responsibilities, appellant would not be entitled to raise an objection to the magistrate's decision on that issue. We note, however, that in the instant case, the stipulations were signed only by counsel and not by the parties themselves. In addition, no evidence was offered at the proceeding before the magistrate on this issue.
Appellant further argued in his objections to the magistrate's decision that the magistrate did not articulate any rationale in support of a modification of the child support award, i.e., that there had been a change of circumstances, or that the child support obligation should be made retroactive to August 15, 1996. The stipulations drafted by counsel stated that the magistrate would determine the effective date for commencement of child support and how any arrearage should be liquidated. Once again, we note that the stipulations were signed only by counsel and not the parties. In addition, the parties chose to have no record made of the proceedings. The magistrate ordered appellant to pay child support retroactive to August 15, 1996. While the decision does not specifically state why the magistrate selected the date she did, we must assume that she was influenced by the unsworn, unrecorded statements made by the parties. However, these unsworn statements did not constitute competent, credible evidence upon which the magistrate could rely in rendering a decision as to the appropriate date for commencing child support payments. The Ohio Supreme Court has held that an oath or affirmation is a prerequisite to the testimony of a witness and that it is error for a court to rely on unsworn testimony in reaching its decision. Allstate Ins. Co. v. Rule (1980), 64 Ohio St.2d 67,69. Thus, we conclude that under the circumstances of this case, appellant's objections regarding the appropriate starting date for payment of child support should have been remanded to the magistrate for findings of fact and conclusions of law.
Due to the circumstances under which the stipulations were submitted and the magistrate's failure to articulate the rationale for selecting August 15, 1996 as the starting date for the payment of child support, we remand this case to the trial court for a hearing on all matters with regard to the modification of the parties' parental rights and responsibilities and the payment of child support.
Although this court has concluded that the aforementioned issues must be returned to the court for a hearing, we do not mean to suggest that the parties may not enter into stipulations with regard to any or all of the issues which remain to be resolved. However, we do suggest that if the parties agree to stipulate to certain facts or to the resolution of an issue only upon the condition that some other fact exists or some other issue is resolved in a certain manner, the stipulations should include appropriate conditional language. In addition, any stipulations should be signed by both the parties and their attorneys. This practice will assure both the trial court and a reviewing court that the parties are both aware of, and agree to, the stipulations.
We also suggest that if the parties choose to try any issues before the court, any statements made by witnesses, including the parties, should be made under oath. As noted previously, an oath or affirmation is a prerequisite to the testimony of a witness. Id. In addition, this court is concerned about the quality of appellate review where the trial court accepts unsworn statements before it makes decisions with regard to the custody, care and financial support of a minor child. To place witnesses under oath or affirmation before they make statements upon which a court may ultimately rely in making decisions regarding a minor child is not, in our view, an overly burdensome requirement. Further, such a practice provides the parties to the action, the trial court, and any reviewing court with basic due process safeguards which are fundamental to our judicial system. See In re Ramsey Children (1995), 102 Ohio App.3d 168,171.
Finally, we suggest that evidentiary proceedings before a magistrate should be recorded. Civ.R. 53(D)(2) provides that "except as otherwise provided by law, all proceedings before the magistrate shall be recorded in accordance with procedures established by the court." (Emphasis added). The Staff Notes to the rule highlight the requirement of recording all proceedings before the magistrate, stating that "Division (D)(2) requires
that proceedings before magistrates be recorded by whatever method a particular court deems appropriate. The rule is not meant to limit courts to particular recording means, but to emphasize that, as judicial officers of courts of record, magistrates should conduct proceedings before them on the record." (Emphasis added). While we recognize that Civ.R. 53(E)(3)(b) provides a viable method for providing the trial court with the evidence adduced in proceedings before a magistrate in the event that a record of proceedings is not available, we strongly urge prospective compliance with the mandate of Civ.R. 53(D)(2). See Swarmer v. Swarmer (Dec. 18, 1998), Trumbull App. No. 97-T-0212. Accordingly, the third assignment of error is sustained.
Appellant's first, second and fourth assignments of error raise procedural errors which are now rendered moot by our decision to reverse and remand the action for a new hearing on the issue of the modification of the parties' parental rights and responsibilities and the determination of the appropriate starting date for the commencement of child support. Accordingly, the first, second and fourth assignments of error are moot. App. R. 12(A).
For the foregoing reasons, appellant's third assignment of error is sustained and the first, second and fourth assignments of error are moot. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed and the cause is remanded to that court for further proceedings, including a new hearing, in accordance with law and consistent with this opinion.
Judgment reversed; cause remanded.
BROWN and DESHLER, JJ., concur.
[1] R.C. 3109.04(E)(1)(a) states, in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.