[Cite as *In re E.C.*, 2015-Ohio-4807.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

IN RE:

    E.C.,

DELINQUENT CHILD.

CASE NO. 4-15-08

O P I N I O N

Appeal from Defiance County Common Pleas Court
Juvenile Division
Trial Court No. 31205-2

Judgment Affirmed

Date of Decision: November 23, 2015

APPEARANCES:

    *Charlyn Bohland* for Appellant

    *Eric T. Michener* for Appellee

**WILLAMOWSKI, J.**

{¶1} Appellant E.C. ("E.C.") brings this appeal from the judgment of the Court of Common Pleas of Defiance County, Juvenile Division finding him to be a delinquent child and committing him to the care of the Department of Youth Services for a minimum of two years up to a maximum of when he reaches the age of 21. On appeal E.C. claims that the trial court erred by 1) failing to make a finding that the eight year old victim was competent to testify; 2) failing to swear in witnesses and relying on that testimony in reaching its decision; and 3) finding him to be delinquent. E.C. also claims that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

*Procedural Background*

{¶2} The State filed a complaint alleging that then 17-year-old E.C. was a delinquent child for allegedly committing two counts of statutory rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies if committed by an adult. Doc. 3. A two day adjudication hearing was held in March of 2015. Doc. 133. At the conclusion of the hearing, the trial court found that the State had proven beyond a reasonable doubt that E.C. had committed the offenses alleged and was thus a delinquent child. *Id.* A disposition hearing was then held in April, and E.C. was ordered into the custody of DYS for a minimum of two years, with credit for time served given. Doc. 137. E.C. filed a timely notice of appeal. Doc. 143. On appeal, E.C. raises the following assignments of error.

## First Assignment of Error

**The juvenile court erred when it permitted eight-year-old M.R. to testify at trial because it never made a determination of competency, in violation of Evid.R. 601(A); the Fifth and Fourteenth Amendments to the U.S. Constitution; and Article I, Section 16, Ohio Constitution.**

## Second Assignment of Error

**The juvenile court erred because it relied on unsworn testimony when it made its delinquency decision, in violation of Evid.R. 603 and R.C. 2317.30.**

## Third Assignment of Error

**The juvenile court violated E.C.'s right to due process when it adjudicated him delinquent of statutory rape, in the absence of credible, and competent evidence and when the victim's testimony was illogical and inconsistent, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; and Article I, Section 16, Ohio Constitution.**

## Fourth Assignment of Error

**E.C. was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, Section 10, Article I, Ohio Constitution.**

*Determination of Competency*

{¶3} In the first assignment of error, E.C. alleges that the trial court erred by failing to make a determination that M.R. was competent to testify. Children under ten years of age at the time of giving testimony do not have a presumption of competency. Evid.R. 601(A). In cases where the child is under the age of ten, "the burden falls on the proponent of the witness to establish that the witness

exhibits certain indicia of competency." *State v. Clark*, 71 Ohio St.3d 466, 469, 1994-Ohio-43, 644 N.E.2d 331. A trial court must conduct a voir dire examination of any child under the age of ten before allowing that child to testify to determine whether the child is competent. *State v. Frazier,* 61 Ohio St.3d 247, 250, 574 N.E.2d 483 (1991). In making the determination, "the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *Id.* at 251. Once a trial court has concluded that the child's abilities reach the threshold, the child will be deemed competent to testify. *Id.* at 250. Such competency determination will not be disturbed on appeal absent an abuse of discretion. *Id.*

{¶4} In this case, the trial court did conduct a voir dire of M.R. Doc. 161. The trial court asked M.R. when his birthday was, where he lived, where he went to school, who his teacher was, what he liked about school, and who his friends were. *Id.* at 4-6. M.R.'s answers were all appropriate for the questions asked. The answers indicated that M.R. was capable of receiving information, remembering the information, and communicating that information to the court. The trial court also asked M.R. about the truth. *Id.* at 7.

**The Court:** Okay. And before I can let you testify, I have to give you an oath. Do you know what an oath is? Ever hear that before?

**M.R.:** I forgot what, some kind of speech.

**The Court:** Well I'm going to ask you to swear to tell the truth. Do you know what that means? When I ask you that?

**M.R.:** Tell the truth.

**The Court:** Yeah do you know what it means when I say you need to tell the truth?

**M.R.:** Don't lie.

**The Court:** Don't lie. Okay, well what's a lie?

**M.R.:** Telling something that is not real.

**The Court:** Something not real. Okay. And so if you tell something that's not real, if you tell a lie what happens to you?

**M.R.:** You get, you get, you start to be a liar and then pretty soon you won't have any friends.

**The Court:** So is that, is that good, or is that bad?

**M.R.:** Bad.

**The Court:** That's bad, yeah. So it wouldn't be a good thing to be telling lies?

**M.R.:** No.

**The Court:** No. It's not good to tell lies.

**M.R.:** No.

> **The Court:  No.  Okay, so if I say to you today I want you to swear to me to tell the truth, do you know what I mean when I say that?**
>
> **M.R.:  Be honest.**
>
> **The Court:  Be honest, you have to be completely honest and only tell things that are the truth.  Understand that?**
>
> **M.R.:  Yeah.**
>
> **The Court:  Can you do that?**
>
> **M.R.:  Yeah.**

*Id.* at 7-8.  This testimony indicated that M.R. understood the difference between the truth and a lie and appreciated the necessity of telling the truth.  The trial court did not make a specific finding that M.R. was competent to testify.  However, a trial judge is required to make a preliminary determination as to the competency of all witnesses, including children.  *State v. Wilson*, 156 Ohio St. 525, 103 N.E.2d 552 (1952).  Although the better practice would have been to make an explicit finding on the record since M.R. was under the age of ten, by permitting the testimony of M.R. at the trial, the trial court did make a determination that M.R. was competent to testify.  A review of the record indicates that this determination of competency was supported by the evidence.  Thus, the trial court did not abuse its discretion in finding M.R. competent to testify and permitting him to testify.

{¶5} Even if the explicit finding was required, E.C. failed to object at the hearing to the failure to make the finding of competency.  Thus, any alleged error

would be reviewed pursuant to a plain error standard. Generally, an appellate court need not review questions which have not been raised in the trial court and upon which the trial court has had no opportunity to rule. *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978). However, an appellate court may consider any errors that affect a substantial right regardless of whether they were brought to the attention of the trial court. Crim.R. 52(B).

> **By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.**

*State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240 (citations omitted). While the first prong and second prong could arguably be met based upon the record before this court, E.C. has provided no basis upon which to find that the outcome of the trial would have been different if the trial court had made a specific finding that M.R. was competent to testify. The record indicates that the trial court found him competent and that finding was supported by M.R.'s testimony during the voir dire. The mere fact that the trial court did not specifically state that M.R. was competent to testify did not alter the testimony at all and had no effect on the outcome. Thus, it is not plain error. The first assignment of error is overruled.

*Unsworn Testimony*

**{¶6}** In the second assignment of error, E.C. claims that the trial court erred by not swearing in two of the witnesses. "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Evid.R. 603. Similarly, the legislature has mandated that "[b]efore testifying, a witness shall be sworn to testify the truth, the whole truth, and nothing but the truth." R.C. 2317.30. The oath or affirmation is a prerequisite to the testimony of a witness and a trial court errs by relying on unsworn testimony in reaching its decision. *Allstate Ins. Co. v. Rule*, 64 Ohio St.2d 67, 69, 413 N.E.2d 796 (1980) (holding that relying upon unsworn testimony violates the Ohio Constitution and is error) and *Wasaleski v. Jasinski*, 9th Dist. Lorain No. 14CA010660, 2015-Ohio-2307, ¶ 5. However, if a party fails to timely object to the missing oath, all but plain error is waived. *Stores Realty Co. v. City of Cleveland, Bd. of Bldg. Stds. And Bldg. Appeals*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).

**{¶7}** In this case, the record clearly shows that the two victims testified without being given the required oath.[1] There is no question that the failure to

---

[1] The State claims that the trial court's question to M.R. if he could tell the truth was the administering of an oath, but that question did not ask him if he would, just if he could. Additionally, the question was asked during the competency hearing, which is a separate proceeding from the trial. E.C. was not even present during the competency hearing and the trial court indicated that it was conducting the hearing "[p]rior to the commencement of trial today". Competency Hrg. Tr. 3.

administer the required oath prior to allowing the witness to testify is an error. However, no objection was made at the time of the trial. Thus, this court must review the alleged error using a plain error standard. This means that absent a showing that the error likely affected the outcome of the case, the error is not reversible. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. In his brief, E.C. does not indicate how the trial court's error affected the outcome of the case. Both victims were questioned and subject to cross-examination. There is no indication that the testimony would have been different if the oath had been given. Additionally, other witnesses also testified to the statements made by the victims to medical staff. E.C. has failed to set forth any prejudice that resulted from the failure to administer the oath. Therefore, the error of the trial court in failing to administer the oath is not prejudicial in this case and the second assignment of error is overruled.

*Sufficiency of the Evidence and Manifest Weight of the Evidence*

{¶8} The third assignment of error raises arguments that the finding of delinquency is not supported by sufficient evidence and that it is against the manifest weight of the evidence. "The relevant question in a sufficiency-of-the-evidence review is whether, 'after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Tate*, 140

Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 15 (quoting *State v. Jenks*, 61 Ohio St.3d 259, 272-73, 574 N.E.2d 492 (1991)).

{¶9} In this case, the complaint alleged that E.C. was delinquent by committing 2 counts of what would be statutory rape, in violation of R.C. 2907.02(A)(1)(b), if E.C. were an adult. The State then was required to prove that E.C. engaged in sexual conduct with the victims and that the victims were less than thirteen years of age. "Sexual conduct" includes anal intercourse and fellatio. R.C. 2907.01(A). M.R. testified that E.C. "put his, his front bad spot in my back bad spot." Trial Tr. 18. M.R. testified that there was penetration and it felt "bad". Trial Tr. 18-19. M.R. also testified that he had put his mouth on E.C.'s "front bad spot". Trial Tr. 20-21. According to M.R., this type of activity happened "a lot before I * * * told my sister." Trial Tr. 24.

{¶10} N.C. testified that she was twelve and that M.R. was her brother. Trial Tr. 37, 40. She stated that M.R. told her that E.C. had "put his private part in [M.R.'s] butt." Trial Tr. 42. At that time, M.R. was speaking quietly and told her not to tell anyone. Trial Tr. 42-43.

{¶11} Celeste Kenning ("Kenning") testified that she is a registered nurse at ProMedica Defiance Regional Hospital. Trial Tr. 46. On May 6, 2014, she assisted in treating M.R. Trial Tr. 49-50. M.R. was brought to the hospital as a result of reported sexual abuse. Trial Tr. 51. She asked M.R. numerous questions for the purpose of medical treatment. Trial Tr. 52. Kenning testified that M.R.

indicated "having to touch the offender's private areas as well as the offender touching him" and that there was anal penetration. Trial Tr. 53. M.R. indicated that the offender put his penis into M.R.'s mouth. Trial Tr. 54. As a result of the examination at the hospital, M.R. was referred to another hospital for a more detailed examination by a certified SANE nurse. Trial Tr. 57.

{¶12} T.R. testified that she is M.R.'s mother and that he was born in February of 2007. Trial Tr. 64. She testified that she took M.R. to the hospital in Defiance after learning of the allegations and from there she took him to the hospital in Toledo. Trial Tr. 72-73.

{¶13} J.C. testified that he was ten years old. Trial Tr. 116. J.C. then testified that E.C. had put his penis in his behind. Trial Tr. 122. Additionally E.C. placed his penis into J.C.'s mouth. Trial Tr. 123-24. These events occurred more than one time. Trial Tr. 124. At one point J.C. was taken to the hospital and questioned about what happened. Trial Tr. 127.

{¶14} In addition to this testimony, evidence was presented that there were no physical signs of sexual abuse on either of the victims. Additionally, E.C. presented evidence that he was not home on the date listed in the indictment.

{¶15} Viewing this evidence in a light most favorable to the State, there is evidence to show that E.C. engaged in sexual conduct with M.R. and J.C. and that both victims were under the age of 13 at the time of the conduct. Thus, the evidence is sufficient to support the findings of the trial court.

{¶16} As part of the third assignment of error, E.C. also claims that the trial court's findings were against the manifest weight of the evidence. When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered*." State v. Mendoza*, 137 Ohio App.3d 336, 2000-Ohio-1689, 738 N.E.2d 822(3d Dist). *See, also, State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. 13-12-22, 2013-Ohio-650, ¶ 29.

{¶17} A review of the record in this case shows that while E.C. has repeatedly denied the conduct with which he was charged, that there was no evidence of physical injury to the victims, and that the victims were unsure of the exact days when the events occurred, the victims knew that it was around the time alleged in the indictment, and the victims have repeatedly stated what E.C. did to them. The victims have consistently stated what was done and that it occurred multiple times. The evidence does not weigh heavily against the finding of

delinquency in this case. Thus, such finding is not against the manifest weight of the evidence. The third assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶18} In the final assignment of error, E.C. claims that he was denied the effective assistance of counsel. E.C. claims his counsel was ineffective for failing to object to the trial court's failures to make a finding of competency as to M.R. and to administer the oaths to M.R. and J.C. To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation; and (2) prejudice—a reasonable probability that but for counsel's errors, the proceeding's result would have been different. Strickland v. Washington, 466 U.S. 668, 687-688, 104S.Ct. 2052, 80 L.Ed.2d 674(1984); State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A reviewing court must recognize that there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that strategy and tactical decisions exercised by defense counsel are well within the range of professionally reasonable judgment and need not be analyzed by a reviewing court. State v. Robinson, 108 Ohio App.3d 428, 670 N.E.2d 1077 (3d Dist.1996).

{¶19} Here, E.C. claims that counsel was ineffective for failing to object to mistakes in procedure made by the trial court. This court recognizes that there

were procedural mistakes made in this case and that objections could have been made. However, there is nothing in the record that would indicate that those objections would have changed the outcome of the case. As discussed in the first assignment of error, the failure to make a specific finding as to the competency of M.R. to testify was not an error because by allowing M.R. to testify, the trial court implicitly made a correct finding that he was competent to do so. The hearing was held and the better practice would have been to make the finding. The failure to do so did not affect the outcome of the case. If counsel had objected, the result would have been that the trial court would have stated the finding on the record. The trial would then have proceeded just as it did. Since it could not affect the outcome of the case, any error by counsel in not objecting could not be prejudicial.

{¶20} Likewise, in the second assignment of error, we addressed the trial court's error in failing to place the victims under oath before allowing them to testify. This was a clear error as it contradicted both the rules of evidence and the statutory requirement. However, as discussed above, the error had no effect on the outcome of the trial. The victims testified and were subject to cross-examination. If counsel had objected, the trial court would have sworn the witnesses and the trial would have continued in the same manner as it did. E.C. does not indicate how the objections would have affected what the testimony was or how it would have changed the outcome. Thus, any error in the failure to object is not

prejudicial. Having found no prejudicial errors made by trial counsel, this court finds that counsel was not ineffective. The fourth assignment of error is overruled.

{¶21} Having found no prejudicial errors in the particulars assigned and argued, the judgment of the Court of Common Pleas of Defiance County, Juvenile Division, is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hlo**