[Cite as *In re Adoption of L.L.L.*, 2018-Ohio-4556.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


IN THE ADOPTIONS OF:        :

        L.L.L and A.R.L.        :         CASE NO. CA2018-07-008

                             :         O P I N I O N
                                          11/13/2018

                           :

                           :


APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20174025


Susan M. Deaton, 9729 Ariadne Trail, Centerville, Ohio 45458, for plaintiff-appellant

Joshua A. Liles, 202 East Central Avenue, Miamisburg, Ohio 45342, for defendant-appellee


**HENDRICKSON, J.**

{¶ 1} Appellant, the biological father of two children, appeals a decision of the Preble County Court of Common Pleas, Probate Division, finding his consent was not required for the adoption of the children by their stepfather.

{¶ 2} Appellant and the children's mother divorced in February 2012. The mother was named residential and custodial parent of the couple's two children. Visitations with appellant were to be supervised and scheduled between the parties. According to the mother, appellant only attended seven of fourteen requested visitations, was late to some of

those visits, and did not seem very interested in visiting with his children. The mother stopped scheduling visitations and left initiating visits up to appellant. Both appellant and the mother agree that appellant has not had any contact with the children since January 2014.

{¶ 3} The mother remarried in July 2015. In November 2017, the children's stepfather filed petitions to adopt the children. The petitions alleged that appellant's consent was not required because he had failed to have contact with the children in the year preceding the petition.

{¶ 4} At a hearing on the consent issue, appellant admitted he has not had contact with the children for several years, but claimed it was not his choice. He testified that he visited the children within a few months of the divorce, but after there were some problems, he was told that any further communication would need to come through the parties' lawyers and he was not allowed back on the mother's property. He claims that he attempted to send cards and letters and attempted to contact the mother through family and friends. He also claims he looked for the mother on social media. Appellant admitted that he has never filed any type of motions for contempt or to modify parenting as a means to visit with the children.

{¶ 5} The mother and stepfather both testified that there has been no contact in any manner from appellant, including no phone calls, letters or cards, no contact through social media, nor has appellant attempted contact through family or friends. The mother testified that she lived at the same address from 2011 until 2016 and that she has worked in the same job since the time visitation ended.

{¶ 6} The trial court determined that appellant's consent to the adoption was not required because he had failed without justifiable cause to provide more than de minimus contact with the children for at least one year immediately preceding filing of the adoption petition. Appellant now appeals the court's decision, raising three assignments of error for our review.

{¶ 7}   Assignment of Error No. 1:

{¶ 8}   THE PROBATE COURT ERRED BY CONTINUING THE CONSENT HEARING WITHOUT FATHER'S ATTORNEY PRESENT.

{¶ 9}   Assignment of Error No. 2:

{¶ 10}   THE PROBATE COURT ERRED BY FINDING THAT APPELLEE HAD MET THEIR [sic] BURDEN OF PROOF BY CLEAR AND CONVINCING EVIDENCE.

{¶ 11}   Assignment of Error No. 3:

{¶ 12}   THE PROBATE COURT ERRED BY FINDING THAT FATHER HAD NO JUSTIFIABLE CAUSE FOR FAILING TO SEE HIS CHILDREN FOR ONE YEAR IMMEDIATELY PRECEEDING THE ADOPTION PETITION.

{¶ 13}   In his first assignment of error, appellant contends that his due process rights were violated when the court held the consent hearing without his attorney present.  He argues "[t]he moment Father stated that he was supposed to have counsel present and that he did not know where his attorney was, his situation demanded that the probate court immediately stop the hearing."

{¶ 14}   However, a review of the record does not support appellant's factual allegations.  The record does not contain any type of a notice of appearance by an attorney on behalf of appellant.  At the start of the hearing, the court discussed the procedure and purpose of the hearing with appellant, who appeared pro se.  The court also discussed possible resolutions to the case, including the parties agreeing to various scenarios.  Referring to the mother and stepfather, appellant mentioned that he would not mind talking to "their lawyer" but did not mention anything regarding hiring an attorney of his own, nor did he request a continuance to have his attorney present or to obtain an attorney or express any concern over proceeding pro se.  After further discussion with the court, appellant determined that he could not consent to the adoption under any terms and indicated that he wanted to

- 3 -

have a hearing on the issue.

{¶ 15} The mother and stepfather each testified, and appellant was able to ask questions on cross-examination. Appellant then testified and discussed the lack of contact with the children and his reasons for the failure to visit. On cross-examination, the stepfather's attorney asked appellant if he had ever filed a contempt of court action or a request to modify the parenting agreement or any other type of action in order to visit with his children. Appellant initially interrupted the question by stating, "I have spoken to two lawyers. One of which * * *" when the court instructed him to wait until the question was completed. After the question was completed, appellant responded, "I'm supposed to be having an attorney present at this time. I don't know where my attorney is. But, yes, I have hired an attorney for Contempt of Court charges against [Mother]." The stepfather's attorney then asked if anything had been filed "right now" and appellant responded that he did not believe so. Again, at no point did appellant ask to continue the hearing, nor did he express concern that he was unable to proceed without an attorney. Given the factual circumstances, we find nothing in the situation required the trial court to stop the hearing and grant a continuance.

{¶ 16} Moreover, appellant's due process rights were not violated. The parent-child relationship is a constitutionally protected liberty interest to which due process applies. *In re A.N.B.*, 12th Dist. Preble No. CA2012-12-017, 2013-Ohio-2055, ¶ 15. Due process requires notice and an opportunity to be heard and to participate in the hearing in a meaningful manner. *Id.* at ¶ 15-16. As discussed above, the court discussed the nature of the hearing and the issues to be decided with appellant; in particular the court explained it would be deciding whether consent to the adoption was required, whether appellant had contact with the children in the year preceding the petition, and whether there was justification for any failure to visit.

{¶ 17} Appellant was then able to participate in the hearing and cross-examined both

the mother and stepfather. He was also allowed to testify on his own behalf. Accordingly, because he was given notice and an opportunity to be heard in a meaningful manner, his due process rights were not violated. Appellant's first assignment of error is overruled.

{¶ 18} In his second and third assignments of error, appellant challenges the trial court's determination that the stepfather met his burden to establish that appellant did not have justifiable cause for the failure to contact the children in the year preceding the adoption petition.

{¶ 19} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re Adoption of: A.N.L.*, 12th Dist. Preble Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239. *See also Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394 (1982). Because adoption terminates these rights, Ohio law requires parental consent to an adoption unless a specific statutory exemption exists. *In re Caudill*, 4th Dist. Jackson No. 05CA4, 2005-Ohio-3927; R.C. 3107.06.

{¶ 20} An exemption to parental consent exists if a court finds by clear and convincing evidence that in the year preceding the adoption petition, the parent failed without justifiable cause to have more than de minimis contact with the child. R.C. 3107.07(A). Stepfather, as the petitioner in this case, has the burden of proving these elements by clear and convincing evidence. *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), paragraph four of the syllabus.

{¶ 21} Appellant first argues that the only testimony this court can review is the testimony of stepfather and appellant because the mother was not sworn in. He further argues that the burden of clear and convincing evidence could not be met with the testimony of the two remaining opposing parties.

{¶ 22} The rules of evidence require that "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in

a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Evid.R. 603. "The oath or affirmation is a prerequisite to the testimony of a witness and a trial court errs by relying on unsworn testimony in reaching its decision." *In re E.C.*, 3d Dist. Defiance No. 4-15-08, 2015-Ohio-4807, ¶ 6; *Allstate Ins. Co. v. Rule*, 64 Ohio St.2d 67, 69 (1980).

{¶ 23} Although appellant claims that the mother was not sworn in, the record reveals otherwise. At the start of the hearing, the court discussed the fact that all three persons present would be testifying and stated "So, just to get it over with I'll have all three of you raise your right hands. Do all of you solemnly swear or affirm that the testimony you are about to give will be the truth, the whole truth, and nothing but the truth, so help you God?" The transcript of the hearing indicates affirmative answers from both the stepfather and appellant, but is silent with regard to mother.

{¶ 24} However, the transcriber's certificate states that the transcript was transcribed from a record taken from a digital recording of the hearing. The fact that the mother's affirmative answer was not apparent on the recording does not negate the other facts surrounding the swearing-in process that indicate the mother was sworn in. In fact, directly after the swearing-in by the court, the stepfather's attorney called mother to the stand and the court stated, "Okay, [mother], you've been sworn. Just go ahead and have a seat there * * *." Given these facts, we find no merit to appellant's argument that mother's testimony cannot be considered because she was not sworn in.

{¶ 25} Appellant further argues that the evidence does not clearly and convincingly support a finding that he did not have justifiable cause for the failure to contact his children. "Even if a parent has completely failed to communicate with his children during the statutory period, his consent to adoption will still be required if there exists justifiable cause for the failure." *In re Adoption of M.G.B.-E.*, Slip Opinion No. 2018-Ohio-1787, ¶ 38-39. The burden

of proving a lack of justifiable cause remains on the petitioner in the adoption proceeding. *Id.* at 39. A noncustodial parent typically has justifiable cause for failing to communicate when the custodial parent significantly interferes with or significantly discourages communication. *Id.*

{¶ 26} Appellant argues that the court erred in finding there was not justifiable cause for his failure to visit with the children because the evidence was not clear and convincing, because he was unable to visit the children without trespassing onto private property and because he was unable to contact the mother.

{¶ 27} As mentioned above, appellant does not dispute that he has not had contact with the children since 2014. He testified that in 2014, the last time he attempted to see the children, the police were called and he was told not to come back to the residence in the future. He claims that this effectively "trespassed him" from the residence and he could not have possibly attempted to see his children by visiting them at their home because the mother would not allow it.

{¶ 28} However, the fact that mother told appellant not to come back to her residence did not foreclose all opportunities for appellant's contact with his children. Appellant could have filed a motion for visitation and requested that the court order some other method of visitation which could work under the parties' circumstances. Appellant could have attempted phone calls, cards, or other types of communication with the children. Instead, appellant did nothing, in any manner, to restore contact with the children until the adoption petition was filed nearly four years later.

{¶ 29} Appellant claims he did not know where mother lived or that she had remarried and also that he attempted contact through other parties, including mother's parents. However, the court found that appellant did not attempt to contact the mother or children, even though the mother resided in the same house until 2016 and still works for the same

employer. Because the trial judge is in the best position to view the witnesses and to observe the demeanor, gestures and voice inflection during testimony, issues of credibility are for the trier of fact to resolve. *In re Adoption of A.M.L.*, 12th Dist. Warren No. CA2015-01-004, 2015-Ohio-2224, ¶ 11. Accordingly, we find no error in the court's determination in this matter. Accordingly, appellant's second and third assignments of error are overruled.

{¶ 30} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.