METCALF, APPELLANT, *v.* OHIO STATE UNIVERSITY HOSPITALS ET AL., APPELLEES.

(No. 81AP-590—Decided November 19, 1981.)

Messrs. *Green & Green* and Mr. *F. Thomas Green,* for appellant.

Messrs. *Porter, Wright, Morris & Arthur,* Mr. *James S. Monahan,* Mr. *William M. Todd,* Mr. *William J. Brown,* attorney general, Messrs. *Vorys, Sater, Seymour & Pease,* Mr. *Alan T. Radnor* and Ms. *Nanci L. Danison,* for appellees.

NORRIS, J. Plaintiff appeals from an entry of the Court of Common Pleas of Franklin County dismissing his case with prejudice, as the result of his having failed to appear for trial.

On February 5, 1979, plaintiff filed a complaint sounding in medical malpractice against University Hospital and a number of medical doctors. It appears from the record that plaintiff did not cooperate in various means of discovery attempted by defendants, and that arbitration was initiated and finally waived. Delays were caused by the apparent inability of plaintiff to acquire expert testimony to support his position. Counsel for both parties indicate it was contemplated that, when the case was called for trial, neither plaintiff nor his counsel would appear, and the case would be dismissed without prejudice, which would allow plaintiff to refile his case at a later time.

On the date set for trial, June 3, 1981, counsel for defendants appeared, but neither plaintiff nor his counsel was present. A handwritten entry was signed by the trial judge and filed on that date providing that "the plaintiff having failed to appear, this case is dismissed with prejudice."

Plaintiff raises two assignments of error:

"I. The trial court erred to the prejudice of the plaintiff-appellant by dismissing his action with prejudice.

"II. The trial court erred to the prejudice of the plaintiff-appellant by failing to give adequate notice of trial assignment as required by due process of law."

Civ. R. 41 provides in pertinent part as follows:

"(B) Involuntary dismissal: effect thereof.

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

"(* * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

Civ. R. 41(B)(1) permits dismissal of an action upon the motion of the defendant or of the court, but only after notice

to plaintiff's counsel of the motion to dismiss. The obvious purpose of this notice requirement is to afford plaintiff's counsel an opportunity to show why his client's case should not be dismissed with prejudice. The opinion in *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219 [6 O.O.3d 237], is sometimes cited for the proposition that notice to plaintiff's counsel that a motion to dismiss has been entered is not required as a condition precedent to dismissal for failure to prosecute under Civ. R. 41 (B)(1) where a party either fails to appear for trial or is late. While the opinion in that case appears to hold that notice to counsel may be implied under those circumstances, we note that the court nevertheless did find that failure to give notice of the motion to dismiss constituted error, albeit harmless error under the circumstances, since the court granted plaintiff relief on other grounds.

We believe the clear import of the language of Civ. R. 41 (B)(1) is unavoidable—as a condition precedent to dismissal upon the merits under Civ. R. 41 (B)(1), plaintiff's counsel is entitled to notice of a motion to dismiss for plaintiff's failure to prosecute in order that he will have the opportunity to oppose the motion. Had counsel actually appeared at trial, it would have been sufficient that the motion to dismiss be made in his presence for him to have received the required notice. See the decision of this court in *Midwestern Indemn. Co.* v. *Trans World Airlines, Inc.* (June 3, 1975), No. 75AP-57, unreported. However, since in this case plaintiff's counsel did not receive notice of the trial date, and was not present for trial, we are not permitted to infer to him any knowledge of a motion having been made to dismiss for failure of prosecution, pursuant to Civ. R. 41 (B)(1).

To reiterate, when a plaintiff fails to appear for trial, the trial judge is presented with several options—he either may continue the case for trial on a later date or he may invoke the dismissal provi-

sion of Civ. R. 41 (B)(1). See *Allstate Ins. Co.* v. *Rule* (1980), 64 Ohio St. 2d 67 [18 O.O.3d 299]. Before dismissal may be imposed under Civ. R. 41 (B)(1), notice of the motion to dismiss first must be given to plaintiff's counsel. The opinion of the Court of Appeals for Medina County in *Schreiner* v. *Karson, supra,* would indicate that where the trial court imposes dismissal without prejudice to the filing of an action in the future, in the absence of notice first having been given plaintiff's counsel, then, almost by definition, the . trial court's failure to give notice has not prejudiced the plaintiff's cause. We are not called upon in this case to decide that question. What we do decide is that where notice first has not been given plaintiff's counsel of the motion to dismiss, and in the absence of such notice a trial court dismisses plaintiff's action with prejudice, then the trial court has erred to plaintiff's prejudice.

The first assignment of error is sustained.

In his second assignment of error, plaintiff argues that the trial court was not permitted to dismiss his case for failure to prosecute when the dismissal was based upon his failure to appear at trial because neither he nor his counsel received notice of trial.

We have previously said that it is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of hearings, including the date of trial, and that there is no duty upon the court or its clerk to notify a party of the date set for trial. See the decision of this court in *Holland* v. *Amer* (Nov. 29, 1979), No. 79AP-106, unreported, citing *Hahn* v. *McBride* (1913), 88 Ohio St. 511, and *Sackett* v. *McClure* (1939), 29 Ohio Law Abs. 560. While such a rule was logical in a less complex era when attorneys practiced in the county seat and could be expected to take a daily stroll across the street to the courthouse to inspect the

judge's trial docket for the week forthcoming, perhaps, in recognition of changing times and the impracticability of lawyers in highly populated counties making a daily excursion to inspect every judge's docket in every court and division thereof, many courts have, by local rule, provided for some form of notice of hearing schedules.

The Court of Common Pleas of Franklin County has adopted such a rule:

"Official Notification of Counsel

"21.01 Publication in the Daily Reporter shall be deemed official and complete notification to all Franklin County counsel of any assignment of any case for any purpose whatever and it shall be the duty of such counsel to ascertain from the Daily Reporter any official notification contained therein pertaining to any case with which he is concerned.

"21.02 Where mail notification is * * * given, non-delivery of such mail notification shall not excuse the non-appearance of Franklin County counsel where such notice has also been given by publication in the Daily Reporter as provided by Paragraph 21.01 of this Rule." (Rule 21, Rules of Practice of the Court of Common Pleas of Franklin County.)

It was conceded by the parties, in argument, that the trial date was published in the Daily Reporter, although plaintiff's counsel does not concede that he received actual notice of the publication. It was also conceded by the parties that the practice of the assignment commissioner for the trial court was to mail to counsel a "courtesy notice" of trial dates. Defendants argue that the assignment commissioner directed a "courtesy notice" to plaintiff's counsel by mail; plaintiff's counsel denies receiving it.

While Local Rule 21 of the Court of Common Pleas of Franklin County provides that newspaper publication of trial notice "shall be deemed official and complete notification to all Franklin County counsel," it does not purport to apply to out-of-county counsel. The record shows that the "courtesy notice" was mailed to plaintiff's counsel on May 7, 1981, addressed to him at 200 Talbott Tower, Dayton, Ohio 45402, and that it was returned undelivered by postal authorities on May 8, 1981, with the notation "RETURN TO SENDER—NOT DELIVERABLE AS ADDRESSED—UNABLE TO FORWARD." The returned notice shows that it was received by the assignment commissioner's office on May 12, and filed by the clerk of courts on May 13, well before the case was dismissed on June 3. While Loc. R. 21.02 indicates that non-delivery of a "courtesy notice" will not excuse non-appearance of Franklin County counsel, it does not purport to apply to plaintiff's Dayton counsel. We also note that the address for plaintiff's counsel which appears on the complaint and all other documents in the court file is 1324 Wayne Avenue, Dayton, Ohio 45410.

Accordingly, the record does not indicate that plaintiff was given notice of trial, either through a court rule (which applies to out-of-county counsel) giving notice that a case may be called for trial with a published notice, or by a notice mailed to his attorney's correct address.

Both parties cite *Ries Flooring Co.* v. *Dileno Constr. Co.* (1977), 53 Ohio App. 2d 255 [7 O.O.3d 320], as standing for the proposition that due process of law requires that parties to a lawsuit be given adequate notice of all judicial proceedings in that action.

Actually, the court of appeals in the *Ries Flooring Co.* case approved a form of the general rule we set out in *Holland* v. *Amer, supra,* saying, in effect, that where there is no rule of court providing for other notice, due process is satisfied where the trial court sets a case down on its docket for hearing, since the parties or their attorneys are expected to keep themselves advised of the progress of their cases. The court then went on to determine whether newspaper notifica-

tion is sufficient to satisfy due process where there is no entry of the trial date on the trial docket, and where there is no court rule giving parties notice that any case can be called for trial with a published notice. In such an event, the court held, due process requirements are not satisfied.

In this case we do not know whether or not the trial date was entered on the trial docket because the record is silent on that point. Plaintiff must demonstrate that the trial date was not entered upon the trial docket, and that he therefore had no means of keeping himself advised of the trial date, if he is to show a due process violation; otherwise, we must presume that the proceedings below were regular. *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72 [58 O.O.2d 117]. Unfortunately, because plaintiff's counsel was not given notice of the motion to dismiss, he was unable to make a record. As we mentioned earlier, affording a plaintiff an opportunity to demonstrate why his case should not be dismissed for lack of prosecution is the purpose of the notice provision of Civ. R. 41(B)(1). We must, however, overrule the second assignment of error in view of the failure of the record to demonstrate a violation of due process requirements. Due process will be afforded plaintiff through his receiving a notice of and an opportunity to be heard on the Civ. R. 41(B)(1) motion to dismiss.

Plaintiff's first assignment of error is sustained, the second assignment of error is overruled, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and case remanded.*

REILLY and MCCORMAC, JJ., concur.