OPINION
Defendants-appellants, Jeffrey Plummer and Betty Plummer, appeal from a judgment of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, Audra Seitz, to enforce an alleged settlement agreement between plaintiff and defendants.
As the result of the break-up of a personal relationship between plaintiff and Jeffrey Plummer, plaintiff filed a complaint on June 25, 1997 in the Small Claims Division of the Franklin County Municipal Court seeking damages for items Jeffrey Plummer allegedly took without plaintiff's permission or, alternatively, seeking return of the items undamaged. Jeffrey Plummer responded with an answer and a counterclaim exceeding the jurisdiction of the municipal court. Thus, the case was transferred to the common pleas court.
By first amended complaint filed October 22, 1997, plaintiff added Betty Plummer and Terry Lively as defendants and expanded the basis for and amount of relief sought. Betty Plummer also responded with a counterclaim. On July 7, 1998, the trial court signed a journal entry stating counsel had notified the court that the parties settled their dispute. Although the court ordered the parties to prepare an entry for the court's approval, they never submitted such an entry.
To the contrary, on July 28, 1998, Jeffrey Plummer notified the court through a letter, that the parties had not reached settlement, as one issue remained unresolved. On October 22, 1998, Jeffrey Plummer filed a motion to set the case for trial, reiterating that the matter had not been settled. Although the trial court then scheduled the matter for trial on December 28, 1998, plaintiff filed a motion to enforce the purported settlement agreement, alleging that the letter entitled "settlement offer," attached to her motion, constituted an agreement between the parties. The trial court granted plaintiff's motion, noting that "[p]ursuant to the written `settlement agreement,' this court is convinced that Plaintiff and Defendant formed a binding settlement agreement."
Defendants appeal, assigning the following errors:
 I. BOTH APPELLANTS JEFFREY PLUMMER AND BETTY PLUMMER ASSERT THAT THE TRIAL COURT ERRED IN GRANTING THE MOTION OF PLAINTIFF-APPELLEE FOR ENFORCEMENT OF A SETTLEMENT OFFER AS AN AGREEMENT WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING WHERE THERE WAS A DISPUTE BETWEEN THE PARTIES AS TO WHETHER A SETTLEMENT AGREEMENT ACTUALLY EXISTED AND AS TO THE MATERIAL TERMS OF THE AGREEMENT IN QUESTION.
 II. APPELLANT, BETTY PLUMMER FURTHER ASSERTS THAT THE TRIAL COURT ERRED IN GRANTING THE MOTION OF THE PLAINTIFF-APPELLEE FOR ENFORCEMENT OF A SETTLEMENT OFFER AS AN AGREEMENT ABSENT THE AUTHORITY OF DEFENDANT-APPELLANT, BETTY PLUMMER'S ATTORNEY TO ENTER INTO SAME ON HER BEHALF.
 III. BOTH APPELLANTS JEFFREY PLUMMER AND BETTY PLUMMER FURTHER ASSERT THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING THE COUNTERCLAIMS OF APPELLANTS JEFFREY PLUMMER AND BETTY PLUMMER FOR WANT OF PROSECUTION WHERE: (i) THE ONLY NOTICE OF INTENT TO DISMISS FOR WANT OF PROSECUTION ISSUED BY THE TRIAL COURT WAS FOLLOWED BY AN ENTRY GRANTING THE SUBSEQUENT MOTION OF APPELLANTS TO SET THE CASE FOR TRIAL; (ii) THE TRIAL COURT DISMISSED THE COUNTERCLAIMS WITHOUT HOLDING A HEARING ON THE ISSUE; AND (iii) THE PRACTICAL EFFECT OF THE AMENDED ENTRY IS TO ENFORCE A SETTLEMENT AGREEMENT, WITH REGARD TO WHICH THE PARTIES HAVE A FACTUAL DISPUTE REGARDING THE EXISTENCE OF AN AGREEMENT AND MATERIAL TERMS TO THE ALLEGED AGREEMENT, WITHOUT AFFORDING THE PARTIES AN EVIDENTIARY HEARING.
Defendants' first and second assignments of error are interrelated and will be addressed jointly. Together they assert the trial court was required to conduct an evidentiary hearing prior to entering judgment to enforce the alleged settlement agreement, as the existence of the agreement and its material terms are disputed.
The parties do not dispute the law generally pertaining to settlement agreements: where the meaning of terms of a settlement agreement is disputed, or the parties contest the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment. Rulli v. Fan Co.
(1997), 79 Ohio St.3d 374, syllabus. Rather, they dispute its applicability to these facts.
Defendants contend that the settlement offer was only a proposal, contingent upon plaintiff's timely transfer of payment and personal possessions, consent of the co-defendants Betty Plummer and Terry Lively, and a reading of the final agreement on the record before the court, not all of which were accomplished. For example, defendants assert that the deadline of June 18, 1998 for the transfer of money and personal possessions constituted a material term of the proposed settlement offer that was not fully performed.
Moreover, under one of the terms of the proposal, Betty Plummer dismissed all claims against plaintiff. Defendants maintain that an agreement could not have been reached because the attorney negotiating the settlement had no authority to bind Betty Plummer, who was not present during negotiations over the settlement agreement. While the attorney for the defendants stated that he had authority to settle on behalf of co-defendants, he also stated that his authority was granted by Jeffrey Plummer, not the other defendants. In response, plaintiff maintains that her exhibit, entitled "settlement offer," indicates that an agreement was reached; plaintiff further alleges she has substantially performed the terms of the agreement.
In Morr v. Crouch (1969), 19 Ohio St.2d 24, the Ohio Supreme Court held that "[a]n attorney who is without special authorization has no implied or apparent authority, solely by virtue of his general retainer, to compromise and settle his client's claim or cause of action." Id. at paragraph two of the syllabus. See, also, August Homes, Inc. v. Keleher (Dec. 28, 1989), Franklin App. No. 89AP-473, unreported (1989 Opinions 4994); Ginn v. Horn (Apr. 7, 1987), Franklin App. No. 86AP-668, unreported (1987 Opinions 499). Thus, the factual dispute over the authority of Betty Plummer's attorney to settle this matter required that, prior to enforcing the settlement agreement, the trial court determine through an evidentiary hearing whether counsel had such authority. Moreover, the disputes surrounding the terms of the settlement agreement, only lend further support to the need for an evidentiary hearing to determine whether an agreement was reached, and if so, its terms. Rulli, supra.
Plaintiff nonetheless maintains that because defendants did not file a motion to vacate settlement or request an evidentiary hearing as required in Mack v. Polson Rubber Co.
(1984), 14 Ohio St.3d 34 and Spercel v. Sterling Indus. (1972),31 Ohio St.2d 36, the trial court was not required to conduct such a hearing.
"In order to effect a rescission of a binding settlement agreement entered into in the presence of the court, a party must file a motion to set the agreement aside; and, in the absence of such motion, a trial court may properly sign a journal entry reflecting the settlement agreement." Spercel, at paragraph two of the syllabus.
Plaintiff's argument, however, is premised on the existence of a binding settlement agreement. Here, the parties dispute the existence of a binding agreement. Prior to enforcing that alleged agreement entered into, if at all, outside of the presence of the court, the trial court was required to conduct an evidentiary hearing. See Rulli, supra, at syllabus; Bolen v. Young
(1982), 8 Ohio App.3d 36, 38.
Accordingly, defendants' first and second assignments of error are sustained.
Defendants' third assignment of error contends the trial court erred in dismissing their counterclaims with prejudice without the notice required under Civ.R. 41(B)(1). Civ.R. 41(B)(1) provides:
 Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
The prior notice requirement of Civ.R. 41(B)(1) is a mandatory condition precedent to dismissal of an action on the merits. Carr v. Green (1992), 78 Ohio App.3d 487, 490, citingMetcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, 167. The notice contemplated by Civ.R. 41(B)(1) is notice of the court's intention to dismiss the case with prejudice, whether on its own motion or in response to a motion to dismiss by defendant.Id., citing Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99,101. See, also, Triplett v. City of Cols. (Nov. 17, 1994), Franklin App. No. 94APE04-596, unreported (1994 Opinions 5280). "The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" QuonsetHut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48, quotingLogsdon v. Nichols (1995), 72 Ohio St.3d 124, 128.
The notice requirement of Civ.R. 41 (B)(1) "applies to all dismissals with prejudice." Ohio Furniture, supra, at 101. The trial court's entry stated that defendants' counterclaims were dismissed for want of prosecution. A dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies. Civ.R. 41(B)(3)." Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371. The trial court thus was required to provide defendants notice prior to dismissing their counterclaims for lack of prosecution.
Here, the trial court's July 7, 1998 entry acknowledging notification of settlement advised the parties to file the appropriate entry within twenty days, or risk dismissal for want of prosecution. The court further admonished the parties to notify "the court, in writing, as to the cause of such delay so as to prevent dismissal." (July 7, 1998 Journal Entry.) Following plaintiff's motion to enforce and the trial court's granting it, the trial court, on March 8, 1999, dismissed defendants' counterclaims with prejudice for lack of prosecution, specifying as its reason the parties' failure to submit an entry or notify the court of the delay.
Contrary to the court's entry, the evidence indicates defendants notified the trial court, following the court's July 7, 1998 entry, that the parties disputed the settlement and thus could not submit an entry within twenty days. Indeed, on defendants' motion, the matter subsequently was set for trial. Given the newly scheduled trial date, the trial court, in effect, accepted defendants' written notification of defendants' problem in complying with the July 7 entry. Nonetheless, it subsequently dismissed defendants' counterclaim with prejudice for noncompliance with the very entry the trial court seemingly had disregarded. On these facts, the July 7, 1998 entry was insufficient to put defendants on notice that their counterclaims could be dismissed with prejudice for want of prosecution for failure to submit an entry or notify the court. See Sazima v.Chalko (1999), 86 Ohio St.3d 151. Because the trial court did not provide the notice required by Civ.R. 41(B)(1), defendants' third assignment of error is sustained.
Having sustained defendants' three assignments of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded
BROWN and DESHLER, JJ., concur.