OPINION
Appellant Linnette Lingenfelter appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, that dismissed a pending divorce action against Appellee Walter Lingenfelter. The following facts give rise to this appeal. The trial of the matter occurred on March 5, 1999, and May 19, 1999. At the conclusion of the trial, the trial court requested that both parties submit proposed findings of fact and conclusions of law. Both parties complied with the trial court's request and filed proposed findings of fact and conclusions of law on June 30, 1999. The trial court subsequently filed its judgment entry on June 30, 1999, granting the parties a divorce. Appellee thereafter filed a notice of appeal. On March 8, 2000, we dismissed the appeal on the basis that the trial court's judgment entry was not a final appealable order because it failed to address the issue of allocation of parental rights regarding the parties' minor child. Approximately four and one-half months after we dismissed the appeal, the trial court issued a judgment entry on July 31, 2000, in which it dismissed the case for failure to prosecute. Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED BY DISMISSING THE CASE FOR FAILURE TO PROSECUTE.
 I
In her sole assignment of error, appellant contends the trial court erred in dismissing the case for failure to prosecute. We agree. The trial court dismissed this matter pursuant to Civ.R. 41(B)(1), which provides as follows:
(B) Involuntary dismissal: effect thereof
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim. In the case of Logsdon v. Nichols (1995), 72 Ohio St.3d 124, the Ohio Supreme Court explained the notice requirement for dismissals pursuant to Civ.R. 41(B)(1). The Court stated: Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, `[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *.' McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is to `provide the party in default an opportunity to explain the default or correct it, or to explain why the case should not be dismissed with prejudice." Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166 * * *.
In the case sub judice, the dismissal was not the result of appellant's failure to appear for trial. Rather, it appears from the record that the issue of shared parenting remained pending, after we dismissed the appeal of this matter, and the trial court dismissed the case because the parties did not resolve this issue. It also appears from the record that appellant's counsel did not receive notice that the action was subject to dismissal. Accordingly, we conclude the trial court erred when it failed to provide prior notice, to appellant's counsel, before dismissing the case. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the trial court dismissing this matter for failure to prosecute is vacated. This matter is reversed and remanded for further proceedings consistent with this opinion.
 ________________________ Reader, V. J.
Hoffman, P.J., and Farmer, J., concur.