OPINION
On January 12, 1994, plaintiffs, Kazushige Honda and M.K. Carlton, Inc., entered into a contract to purchase restaurant equipment from defendants, Mid-West Restaurant, Inc., and Ron Fisher, for a total purchase price of $13,255. Plaintiffs paid a deposit of $10,000. The agreement was contingent upon plaintiffs opening a restaurant in Worthington, Ohio. The agreement further provided that in the event plaintiffs did not open the restaurant, defendants would return the deposit less ten percent. Plaintiffs did not open the restaurant and requested return of the deposit. Defendants refused.
Plaintiffs filed an action in the Franklin County Municipal Court seeking return of the $10,000. Plaintiffs received a default judgment on liability, and a damages hearing was set for June 16, 1994. The parties subsequently agreed that defendants would pay plaintiffs monthly installments totaling $9,000 in exchange for plaintiffs taking no further action against defendants. The scheduled damages hearing was cancelled. Plaintiffs' counsel did not, however, file the agreed entry.
The case was dismissed without prejudice on August 1, 1995, pursuant to Franklin County Municipal Court Local Rule 12.02 ("Loc.R. 12.02"). On March 23, 2000, plaintiff filed a motion pursuant to Civ.R. 60(B)(5) to vacate the dismissal order and to reinstate the default judgment. After an oral hearing, the trial court overruled the motion. Plaintiff now appeals, raising the following three assignments of error:
 [1]. The trial court abused its discretion and committed reversible error by overruling plaintiff-appellant's motion to reinstate the default judgment in reliance on the case of Hart v. Smolak.
 [2]. The trial court abused its discretion and committed reversible error in overruling plaintiff-appellant's motion to reinstate the default judgment contrary to the overwhelming weight of the evidence in favor of granting the motion.
 [3]. The trial court abused its discretion and committed reversible error in overruling plaintiff-appellant's motion to reinstate the default judgment and in not finding that Franklin County Municipal Court Local Rule 12.02, is in conflict with Ohio Rule of Civil Procedure 41(A), and therefore, appellant, as a matter of law, did not receive prior notice that the case was added to the drop list and dismissed.
As the first and second assignments of error are interrelated, we will address them together. By the first assignment of error, plaintiffs contend that the trial court erred in relying on Hart v. Smolak (Sept. 5, 1995), Franklin App. No. 94APE12-1808, unreported, in overruling the Civ.R. 60(B) motion. By the second assignment of error, plaintiffs maintain that the trial court's judgment was against the manifest weight of the evidence.
Civ.R. 60(B) provides, in relevant part, as follows:
 Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Ohio Supreme Court set forth the requirements a movant must demonstrate to prevail on a Civ.R. 60(B) motion:
 * * * (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The moving party must establish the three requirements separately, and the test is not fulfilled if any one of the requirements is not met. Id. at 151. The disposition of a Civ.R. 60(B) motion is a matter within the sound discretion of the trial court. The court's ruling will not be reversed absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Initially, we note that Civ.R. 60(B)(5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. Civ.R. 60(B)(5) generally reflects the power of the court to prevent the unfair application of a judgment. Swad v. Swad (Apr. 8, 1982), Franklin App. No. 81AP-975, unreported. "Application of the rule is rare and applies only to a highly unusual and unfair circumstance not covered specifically in other parts of Civ.R. 60(B)." Id.
In his affidavit attached to the Civ.R. 60(B) motion, plaintiffs' counsel stated that he had twice attempted to have the agreed upon judgment entry signed by the judge and filed, but court personnel could not locate the case file. He further stated that he ultimately left the entry with the judge's secretary and assumed it would be filed. At the oral hearing, in unsworn testimony, he stated that he subsequently checked with plaintiffs, who informed him that defendants were making payments pursuant to the agreement. In fact, plaintiffs had received $4,000 of the $9,000 judgment. Plaintiffs' counsel then began working as general counsel for a corporation and did not follow up with the case. In February 2000, plaintiffs' new counsel informed him that the case had been dismissed in August 1995. Plaintiffs' counsel further stated that he relocated in April 1995 and experienced difficulty with delayed and lost mail throughout the remainder of 1995.
In overruling plaintiffs' motion, the trial court referenced Hart, supra. In Hart, the parties entered into a settlement agreement just prior to trial. The municipal court dismissed the action. Thereafter, a dispute arose over the terms of the settlement agreement. The defendant attempted to have the agreement enforced in the municipal court. The municipal court transferred the case to the common pleas court. The common pleas court enforced the agreement, and the plaintiff appealed. The initial issue raised on appeal was whether the municipal court retained subject matter jurisdiction to transfer the case to the common pleas court after it had dismissed the case. This court found that the municipal court had unconditionally dismissed the action, thereby divesting itself of jurisdiction to take any further action in the case.
In the present case, defendants argued at the oral hearing that pursuant to Hart, once the trial court dismissed plaintiffs' case, it divested itself of jurisdiction to take any further action, including consideration of a Civ.R. 60(B) motion for relief from judgment. We find Hart inapplicable to the instant case, as it did not address the impact of a Civ.R. 60(B) motion upon a dismissal. Further, it is well-settled that a trial court retains jurisdiction to grant relief from its own judgment, State ex rel. Enyart v. O'Neill (1995), 71 Ohio St.3d 655,656, including an erroneously entered dismissal. Logsdon v. Nichols (1995), 72 Ohio St.3d 124.
Although the trial court may have erred in relying upon Hart, supra, and referencing it in its judgment entry, we find such error harmless, as the trial court reached the correct result in this case. Plaintiffs cannot prevail on the Civ.R. 60(B) motion because plaintiffs have not demonstrated entitlement to relief from judgment under one of the grounds enumerated in Civ.R. 60(B) and have not demonstrated that the motion was timely filed.
Initially, we note that the case should have been analyzed under Civ.R. 60(B)(1), excusable neglect. Such analysis compels the conclusion that the trial court did not err in overruling the motion. It is well-established that a party to an action (and his or her counsel) has a duty to remain apprised of the progress of the case. Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, 167. Since plaintiffs' counsel had a duty to remain apprised of the case, he should have made certain that the settlement agreement was filed. His failure to do so constitutes neglect.
Plaintiffs' counsel offers no valid reason for his failure to attend to his client's affairs. In GTE, supra, at paragraph four of the syllabus, the Ohio Supreme Court held that "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." Thus, plaintiffs' counsel's neglect in seeing that the settlement entry was filed is imputed to plaintiffs. Further, since Civ.R. 60(B)(1) is applicable to the instant case, the one-year time limitation applies. Plaintiffs clearly failed to meet the one-year time limit, having filed the motion over five years after the case was dismissed. In short, because plaintiffs failed to demonstrate two of the three requirements set forth in GTE, supra, the trial court did not err in overruling the motion for relief from judgment. Accordingly, plaintiffs' first and second assignments of error are not well-taken.
By the third assignment of error, plaintiffs contend that the trial court failed to give proper notice of its intention to dismiss the case pursuant to Loc.R. 12.02 and Civ.R. 41(B)(1).
The municipal court docket sheet in the instant case provides:
 Pursuant to Rule 12.02, Fr. Co. Muni. Ct., this case is hereby made a part of the drop list of this date and is dismissed w/o prej. At plaintiffs' costs. * * *
 The above order dated Aug. 1, 1995 was filed for journalization on Aug. 1, 1995 with the clerk of this court. Notice for above order issued on Aug. 1, 1995.
Loc.R. 12.02 provides:
Termination of inactive cases not individually assigned.
 Cases not qualifying for assignment to a judge pursuant to Rule 1.01 which have been pending for more than one year from the date of the filing of the complaint shall be dismissed and terminated upon a date certain. The assignment commissioner shall cause the style of the case and the proposed date for dismissal and termination to be published in the Daily Reporter.
Civ.R. 41(B) provides:
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
Plaintiffs first argue that these rules are in conflict because Civ.R. 41(B) requires written notice of dismissal and Loc.R. 12.02 requires only publication in the Daily Reporter. We do not agree that the rules are in conflict. The purpose of the notice requirement is to afford a plaintiff's counsel with an opportunity to demonstrate why a case should not be dismissed. Metcalf, supra, at 167. Both rules fulfill this requirement, as both require prior notice of a dismissal. Further, contrary to plaintiffs' contention, Civ.R. 41(B)(1) does not require that a plaintiff's counsel receive formal written notice of a trial court's intention to dismiss. Cunningham v. Cunningham (June 16, 1998), Franklin App. No. 97APF10-1409, unreported, citing Carr v. Green (1992),78 Ohio App.3d 487, 491.
Plaintiffs further contend that even if formal written notice was not required pursuant to Civ.R. 41(B)(1), there is no evidence of record establishing that notice of the pending dismissal was published in the Daily Reporter pursuant to Loc.R. 12.02. Again, we disagree. As noted previously, the trial court's docket sheet states that the case was dismissed pursuant to Loc.R. 12.02. Loc.R. 12.02 mandates that notice of pending dismissals be published in the Daily Reporter. In the absence of an indication to the contrary, this court must presume regularity in the trial court's proceedings. Palmer v. Kaiser Foundation Health (1991),64 Ohio App.3d 140, 143. Thus, in the absence of evidence that the trial court failed to publish notice of the pending dismissal in the Daily Reporter, this court must presume that the trial court complied with Loc.R. 12.02 and published the dismissal notice. Pursuant to Metcalf, supra, plaintiffs' counsel should have checked the Daily Reporter for a dismissal notice.
Finally, plaintiffs contend, in reliance on AA Sanitary Sewering Co. v. McGrath (May 31, 1991), Cuyahoga App. No. 61053, unreported, that even if notice of the pending dismissal was published in the Daily Reporter, such publication does not satisfy the prior notice requirement of Civ.R. 41(B). We agree that AA Sanitary Sewering stands for such proposition; however, we decline to follow it because we do not agree with the holding, and, as it is an unreported case from another district, it has no precedential value for this court. Neague v. Worthington City School Dist. (1997), 122 Ohio App.3d 433, 440. Accordingly, plaintiffs' third assignment of error is not well-taken.
For the foregoing reasons, plaintiffs' three assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
 _______________ PETREE, J.
BOWMAN, J., concurs.
KENNEDY, J., concurs in judgment only.