OPINION
Appellant Tower City Title Agency, LLC ("Tower City Title") appeals the decision of the Tuscarawas County Court of Common Pleas that granted judgment in favor of Appellees John and Sharon Swinderman ("Swindermans"), in the amount of $7,625.50, against Tower City Title, and dismissed with prejudice Tower City Title's cross-claim against Appellee David Weaver ("Weaver"). The following facts give rise to this appeal.
On February 7, 1992, the Swindermans entered into a land contract, with Weaver, to purchase property located at 4754 Rutledge Street, Midvale, Ohio, for the purchase price of $23,055.27. In May 1998, the Swindermans began efforts to obtain financing to purchase the land installment contract. Thereafter, the Swindermans obtained financing through Advanced Financial Services, the broker, and Equicredit Corporation, the Lender, in the amount of $45,500. Tower City Title served as the escrow agent for the transaction and performed the title search, collected the necessary documents and funds, and closed the loan.
The title exam performed by Tower City Title revealed the existence of a federal tax lien in the amount of $7,625.50. The Swindermans agreed to assume payment of the tax liability through the loan taken with Equicredit Corporation. Subsequently, in 1999, the Swindermans sold the property and two additional liens against Weaver were discovered. The Swindermans contacted Tower City Title regarding these two liens and Tower City Title reimbursed the Swindermans for the amount of their loss, which totaled $1,059.41.On December 8, 1999, the Swindermans filed suit against Weaver and Tower City Title seeking to recover money damages for payment of the tax liens. Tower City Title filed an answer and cross claim against Weaver on January 3, 2000. Weaver filed a response on January 27, 2000, and admitted to the claim made by Tower City Title. The trial court originally scheduled this matter for trial on January 25, 2001, which was subsequently rescheduled for March 1, 2001. The attorney for the Swindermans issued a subpoena duces tecum, to Tower City Title, requiring the appearance of Tower City Title's attorney. The subpoena indicated that the attorney for Tower City Title should appear at 9:15 a.m. However, the attorney for the Swindermans contacted the attorney for Tower City Title and informed him not to appear until 3:00 p.m. Shortly before 3:00 p.m., the attorney for the Swindermans informed the attorney for Tower City Title that the trial had been canceled.
On March 9, 2001, Tower City Title received a copy of the trial court's judgment entry and learned, for the first time, that the trial had in fact been conducted on March 1, 2001, and that judgment had been rendered in favor of the Swindermans against Tower City Title and that Tower City Title's cross claim against Weaver had been dismissed with prejudice.
Tower City Title timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE RULING OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHEN THROUGHOUT THE PLEADINGS, CASE HISTORY, AND EVEN THE BEGINNING OF THE TRIAL, THE CASE WAS DEEMED TO BE A MONEY DAMAGES CLAIM FROM PLAINTIFF-APPELLEE SWINDERMAN AGAINST DEFENDANT-APPELLEE WEAVER.
 II. THE TRIAL COURT IMPROPERLY APPLIED THE THEORY OF EQUITABLE SUBROGATION AGAINST DEFENDANT-APPELLANT TOWER CITY TITLE AGENCY, LLC WHEN THE FACTS AND PLEADINGS SUPPORTED A FINDING OF JUDGMENT AGAINST DEFENDANT-APPELLEE WEAVER.
 III. THE TRIAL COURT RULING WAS IN ERROR AS DEFENDANT-APPELLANT TOWER CITY TITLE AGENCY, LLC WAS MERELY A "DISINTERESTED" THIRD-PARTY ESCROW AGENT, AND AS SUCH, ITS "FIDUCIARY DUTIES", IF ANY, WERE LIMITED TO THE TERMS OF THE "CONDITION OF ACCEPTANCE OF ESCROW" AGREEMENT, FOR WHICH DEFENDANT-APPELLANT PROPERLY CARRIED OUT.
 IV. THE TRIAL COURT'S RULING WAS IN ERROR BECAUSE THE FAILURE TO APPEAR BY DEFENDANT-APPELLANT TOWER CITY TITLE AGENCY, LLC WAS CAUSED BY A "MISREPRESENTATION" BY PLAINTIFF-APPELLEES' COUNSEL, AS TO THE EXACT TIME OF THE TRIAL WHEN THE SCHEDULED TIMING WAS CHANGED AT THE LAST MINUTE.
 V. THE TRIAL COURT ERRED IN DISMISSING THE CROSS CLAIM OF DEFENDANT-APPELLANT TOWER CITY TITLE AGENCY, LLC, AGAINST DEFENDANT-APPELLEE, DAVID L. WEAVER, WITH PREJUDICE, WHEN DEFENDANT-APPELLANT WAS EFFECTIVELY DENIED DUE PROCESS WHEN THE COURT CHANGED THE TRIAL TIME AT THE "LAST MINUTE" WITHOUT NOTICE TO DEFENDANT-APPELLANT, AND THE PLAINTIFF-APPELLEES' ATTORNEY MISINFORMED DEFENDANT-APPELLANT OF THE CHANGED TRIAL TIME.
 I, II, III, IV
We will address Tower City Title's first four assignments of error simultaneously as all four concern whether the trial court properly found it liable for the federal tax lien paid by the Swindermans. In its First Assignment of Error, Tower City Title contends the trial court's judgment is against the manifest weight of the evidence because the pleadings indicate the Swindermans sought to recover money damages only from Weaver. In its Second Assignment of Error, Tower City Title maintains the trial court improperly applied the theory of equitable subrogation in finding it liable for money damages.
Tower City Title contends, in its Third Assignment of Error, that the trial court's ruling was in error because any fiduciary duties owed to the Swindermans were limited to those contained in the escrow agreement and Tower City Title properly performed these duties. Finally, in its Fourth Assignment of Error, Tower City Title maintains the trial court's judgment against it was in error because Tower City Titles' failure to appear was the result of a misrepresentation by counsel, for the Swindermans, as to the time the trial was to start.
We will address Tower City Title's Third Assignment of Error as we find it dispositive of the issue of whether it is liable for payment of the federal tax lien. In this assignment of error, Tower City Title maintains that it did not have a fiduciary duty to advise the Swindermans on either the merits or adverse consequences of assuming Weaver's federal tax lien. We agree. Tower City Title makes this argument in response to paragraph 11 of the Swindermans' complaint, which states as follows: "In their fiduciary capacity, Tower City, advised Plaintiffs to pay the above referenced federal tax liens on behalf of Defendant Weaver." Complaint, Dec. 8, 1999, at 2.
"Escrow" is defined as:
 * * * a matter of agreement between parties, usually evidenced by a writing placed with a third-party depository providing certain terms and conditions the parties intend to be fulfilled prior to the termination of the escrow. The depository under an escrow agreement is an agent of both parties, as well as a paid trustee with respect to the purchase money funds placed in his hands. * * * Pippin v. Kern-Ward Bldg. Co. (1982), 8 Ohio App.3d 196, 198.
"Escrow is controlled by the escrow agreement, placing the deposit beyond the control of the depositor and earmarking the funds to be held in a trust-like arrangement." Id. at 196. Therefore, the duty of the escrow agent is to carry out the terms of the agreement as intended by the parties. Id. at 198. "* * * [I]f an escrow agent neglects to carry out the instructions of a party to the escrow agreement, liability will result for the damages induced thereby." Id. Unfortunately, although Tower City Title attaches the escrow agreement, as Exhibit H, to its brief, the escrow agreement was not made a part of the record in the trial court. Therefore, we may not consider it on appeal. See Switzer v.Switzer (Dec. 16, 1999), Knox App. Nos. 99-CA-12 and 99-CA-13, unreported, at 3.Without the escrow agreement, we are unable to determine whether Tower City Title breached any of its fiduciary duties, owed to the Swindermans, under the agreement. Accordingly, we conclude the Swindermans are not entitled to a judgment for money damages against Tower City Title as they have failed to establish that Tower City Title breached any fiduciary duties under the escrow agreement.
Appellant's Third Assignment of Error is sustained. We will not address Tower City Titles' First, Second and Fourth Assignments of Error as they are moot based upon our disposition of its Third Assignment of Error.
 V
In its Fifth Assignment of Error, Tower City Title maintains the trial court erred when it dismissed its cross claim, with prejudice, against Weaver, because it was denied due process when the trial court changed the time of trial, without notice, and counsel for the Swindermans misinformed Tower City Title of the changed trial time. We agree.
In its judgment entry, the trial court held as follows concerning Tower City Titles' cross claim against Weaver:
 FINDS that Defendant David L. Weaver orally moved the Court to Dismiss the 1/3/2000 Cross-Claim of Defendant Tower City Title Agency against David L. Weaver for failure to prosecute. That Motion is well taken and should be Granted. The Dismissal should be with prejudice. (Emphasis sic.) Judgment Entry, March 7, 2001, at 3.
In the case of Logsdon v. Nichols (1995), 72 Ohio St.3d 124, the Ohio Supreme Court explained as follows concerning a dismissal for failure to prosecute:
 Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, `[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned trial date * * *.' McCormac, Ohio Civil Rules Practice (2 Ed.1992) 356-357, Section 13.07. The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299. Notice allows the dismissed party to explain the circumstances causing his or her nonappearance. McCormac, supra, at 357. Id. at 128.
The record discloses no notice to counsel for Tower City Title that the action was subject to dismissal with prejudice. Accordingly, the trial court erred in failing to provide prior notice before dismissing Tower City Titles' cross claim, against Weaver, with prejudice.
Tower City Titles' Fifth Assignment of Error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Hon. John W. Wise, J. Hon. W. Scott Gwin, P. J. concurs. Hon. William B. Hoffman, J., concurs in part and dissents in part.