OPINION
{¶ 1} Darrel Gamiere ("appellant"), pro se, appeals the May 31, 2002 decision of the Trumbull County Common Pleas Court. In that decision, the trial court granted appellees' motion to dismiss made pursuant to Civ.R. 37(B)(2)(c) and Civ.R. 41. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} In the interests of procedural accuracy, an examination of the events leading up to this appeal is necessary. On February 17, 1995, the Trumbull County Child Support Enforcement Agency ("TCCSEA") filed a motion for contempt against appellant claiming appellant owed $3,127.60 in unpaid child support. Appellant's child support obligation arose from the Trumbull County Domestic Relations Court's decision in case No. DS 10950. Appellant did not respond to the contempt notice and on May 9, 1995, was found in contempt and ordered to serve 10 days in jail. On May 5, 1999, the TCCSEA again filed a motion for contempt claiming appellant now owed $11,930.46 in unpaid child support. The contempt motion and accompanying request for hearing was signed by Patricia Kayko as an agent for the TCCSEA and Trumbull County Assistant Prosecutor Donald Hill ("appellees"). It is also important to note that during this time, appellant had moved from Euclid, Ohio, to Lower Salem, Ohio.
 {¶ 3} On January 5, 2001, appellant, pro se, filed a vague complaint against appellees in the Washington County Common Pleas Court. It is unclear exactly what type of claim or relief appellant was seeking to advance based on the content of his complaint. As all of the events and agencies in appellant's domestic relations case were in Trumbull County, appellees filed a motion to transfer the case to Trumbull County Common Pleas Court pursuant to Civ.R. 3. Appellees' motion was granted on June 6, 2001. As part of the discovery process, appellees attempted to depose appellant on March 7, 2002. However, appellant, in a letter to appellees' counsel, stated that he was unavailable and that "it would not be in my best interest to accommodate your request * * *." Appellant's refusal to attend a deposition was addressed at a hearing on March 15, 2002. At that time, the trial court ordered appellant to submit to a deposition "on or before March 29, 2002." Pursuant to the trial court's order, appellees notified appellant that a scheduled deposition was to take place on March 27, 2002, in Marietta, Ohio, a location that would be convenient for appellant. However, appellant again refused to cooperate, stating in a March 22, 2002 letter to the court that "it is an unconscionable act for me to answer questions (deposed) * * *."
 {¶ 4} On April 4, 2002, appellees filed their motion to dismiss for failure to prosecute and failure to attend deposition, along with affidavits and exhibits to support their efforts to secure appellant's appearance at the deposition. Appellant received notice of said motion and an oral hearing was held on May 30, 2002. However, it is important to note that this court has not been provided a transcript of the above-mentioned hearing. Subsequently, the trial court granted appellees' motion to dismiss on May 31, 2002. Appellant filed a timely appeal, and asserts the following assignments of error for our review:
 {¶ 5} "[1.] The trial court erred to the prejudice of Darrel Gamiere/Appellant by not enforcing subpoenas for vital testimony to establish facts.
 {¶ 6} "[2.] Trial Court erred to my prejudice by permitting defendants attorney standing when agency was questioned and no proof existed as to capacity and function of agent.
 {¶ 7} "[3.] Trial court erred to my prejudice when it failed to determine the character and function of Kayko, Hill and Boatright. My suit is brought personally and not officially. This court has failed to establish facts to preserve my rights and any judgment of res judicata cannot be well taken.
 {¶ 8} "[4.] Trial court erred to my prejudice when it allowed answers to complaints to be filed before acknowledgment of summons or jurisdiction to be determined. Judge erred by ordering me to be deposed before defendants waived service. This is not an issue for dismissal.
 {¶ 9} "[5.] Trial court erred to my prejudice when a notice for defendants notice to Determine was issued from court but I did not receive my copy of motion nor was one in the case file or filed on the docket.
 {¶ 10} "[6.] Trial court erred to the prejudice of myself. Judge McKay never answered my demand for Finds [sic] of Facts of [sic] Conclusions of Law and left unchallenged my Certified Bill of Exceptions. Judge could not prove conflict of interest did not exist.
 {¶ 11} "[7.] Trial Court erred to my prejudice when a crucial Affidavit for Disqualification of Judge McKay was not filed in this case nor was it on the docket sheet but was received prior to a hearing on 5/30/02.
 {¶ 12} "[8.] Trial court erred to my prejudice when it did not consider or rule on any judicial notices filed in this case. No one has objected to any of them."
 {¶ 13} We proceed to address appellant's assignments of error collectively. While appellant attempts to raise a number of different arguments pertaining to the instant case, he does so pro se. "Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. FirstNatl. Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210.
 {¶ 14} The issues and arguments raised by appellant include issues of fact and evidence, as well as issues and arguments that were not fully considered below, or ruled upon. "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." Dolan v. Dolan, 11th Dist. Nos. 2000-T-0154 and 2001-T-0003,2002-Ohio-2440, at ¶ 7, citing Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 43. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. No. 99-L-193, 2000 Ohio App. LEXIS 5615. Further, appellant has failed to provide this court with a copy of the transcript from any of the above-mentioned hearings pursuant to App.R. 9. The duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. This is necessarily so "because an appellant bears the burden of showing error by reference to matters in the record." Id. at 199. Accordingly, without a transcript of the hearing or some other acceptable alternative as set forth in App.R. 9, this court must presume the regularity of the trial court's proceedings in this case, as well as the validity of its judgment. Knapp, supra; Byron v. Carlin, 11th Dist. No. 2000-L-169, 2001-Ohio-8716, 2001 Ohio App. LEXIS 5654. While the validity of the trial court's judgment must be presumed in the absence of a transcript, this court must still examine the trial court's application of the rule of law.
 {¶ 15} The record indicates appellant failed to engage in any type of formal discovery in accordance with the Ohio Rules of Civil Procedure. Also, the trial court made no findings of fact or conclusions of law on the issues due to appellant's failure to advance his theories and arguments before the trial court, including the issue of whether appellees' were acting within the scope of their employment. As a result, appellant has waived these arguments on appeal as they were never considered and ruled upon by the trial court prior to the dismissal of appellant's case.
 {¶ 16} The only issue to be considered in this case is whether the trial court abused its discretion in dismissing appellant's complaint for failure to comply with the discovery process. Nakoff v. Fairview Gen.Hosp., 75 Ohio St.3d 254, 1996-Ohio-159, syllabus. An abuse of discretion is more than an error of law of judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} A review of the record before this court indicates appellant has engaged in a pattern of evasiveness with respect to the orders of the trial court in this matter. Appellees in this case have made three unsuccessful attempts to conduct the deposition of appellant in this matter. Civ.R. 37(D) states: "If a party * * * fails to appear before the officer who is to take his deposition, after being served with proper notice * * * the court in which such action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections * * * (c) of subdivision (B)(2) of this rule." Morgan Adhesives v. Datchuk
(Jan. 3, 2001), 9th Dist. No. 19920, 2001 Ohio App. LEXIS 8, *5.
 {¶ 18} Civ.R. 37(B)(2)(c) states: "If any party * * * fails to obey an order to provide or permit discovery * * * the court in which that action is pending may make such orders in regard to the failure as are just, and among others the following: (c) An order * * * dismissing the action or proceeding or any part thereof." Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 178. Further, under Civ.R. 41(B)(1), "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court, upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48.
 {¶ 19} The record demonstrates that the trial court scheduled a hearing on May 30, 2002, and provided appellant with adequate notice of the possibility of dismissal as required by Civ.R. 41 and Civ.R. 37. The notice requirement of Civ.R. 41 is deemed satisfied when the opposing party has been notified that a motion to dismiss has been filed and that the party in default is given the opportunity to oppose the motion.Logsdon v. Nichols, 72 Ohio St.3d 124, 1995-Ohio-225; Metcalf v. OhioState Univ. Hosp. (1981), 2 Ohio App.3d 166.
 {¶ 20} Based on the above, appellant's failure to cooperate in the scheduling of his deposition, his failure to attend a court ordered deposition, and continuous failure to engage in the discovery process support the trial court's decision to dismiss his complaint pursuant to Civ.R. 37(B) and 41(B)(1). Additionally, appellant's lack of formal legal training has led him to raise arguments that cannot be considered by this court for purposes of this appeal as they were never considered and ruled upon by the trial court. Nozik, supra. Further, while not ruling on said issue, this court and others have held that the County Risk Sharing Authority ("CORSA") is not an insurance company and that employees of participating counties are entitled to legal representation through CORSA. See Caton v. Bd. of Commrs. of Muskingum Cty., 5th Dist. No. CT2002-0038, 2003-Ohio-2292, 2003 Ohio App. LEXIS 2110; McClelland v.Clemson Trucking (Sept. 4, 1998), 11th Dist. No. 97-G-2077, 1998 Ohio App. LEXIS 4165. Additionally, any further consideration of appellant's assignments of error is rendered moot by our holding that the trial court did not abuse its discretion in dismissing appellant's complaint. App.R. 12(A)(1)(c).
 {¶ 21} For the foregoing reasons, we hold that appellant's first, second, third, fourth, fifth, sixth, seventh, and eighth assignments of error are without merit. The decision of the trial court in this matter is hereby affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY, WILLIAM M. O'NEILL, and DIANE V. GRENDELL, J J., concur.