[Cite as *Clark v. Dyer*, 2025-Ohio-1423.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

April Clark,                                          :

    Plaintiff-Appellant,                        :
                                          No. 24AP-274

v.                                                   :       (C.P.C. No. 22CV-3339)

Yvonne Dyer et al.,                                  :       (REGULAR CALENDAR)

    Defendants-Appellees.                       :

---

D E C I S I O N

Rendered on April 22, 2025

---

**On brief:** *April Clark*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, April Clark, appeals the judgment of the Franklin County Court of Common Pleas that dismissed Clark's action for failure to prosecute. For the following reasons, we affirm the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On May 17, 2022, Clark filed a complaint against defendant-appellees, Yvonne Dyer and Corrich Investment Group, LLC, in which Clark alleged breach of contract, self-help eviction, and fraud. On July 21, 2023, the trial court sent a notice to counsel and the parties of record for a pre-trial status conference on August 21, 2023. However, Clark did not appear for the status conference and did not contact the trial court in advance of the status conference. The trial court then ordered Clark "to show good cause why this civil action should not be dismissed under Civ.R. 41(B) for want of prosecution. Failure to show such cause within 14 days of this order will result in a dismissal of this civil action, without prejudice, and with costs to Plaintiff." (Aug. 21, 2023 Order to Show Cause.) On September 26, 2023, the trial court again ordered Clark to show cause, within 10 days,

why her action should not be dismissed for want of prosecution. (Sept. 26, 2023 Order to Show Cause.)

{¶ 3} On September 28, 2023, Clark filed an answer to the show cause order, arguing that she did not receive service regarding scheduling of the pre-trial status conference and the order to show cause, as her internet access was down for roughly two days. In an amended answer to the show cause order, filed on September 29, 2023, Clark requested that she be "served notice of any scheduled hearing dates via U.S. Mail and/or Certified Mail in addition to the online electronic filing system to ensure no future complications putting Plaintiff['s] liberty and constitutional rights at risk." (Sept. 29, 2023 Am. Answer at 2.)

{¶ 4} On April 17, 2024, the trial court dismissed Clark's complaint. The trial court rejected Clark's argument, noting that registered users of the electronic filing system, like Clark, are responsible for checking notifications pertaining to recent filings. The trial court also stated that a paper notice was sent to Clark at her address of record and that it is the parties' burden to notify and keep the trial court informed of any change of address. The trial court ordered that the case be dismissed without prejudice. Clark now appeals.

## II. LEGAL ANALYSIS

{¶ 5} In her brief, Clark argues that the trial court abused its discretion and violated her constitutional right to due process by dismissing her complaint under Civ.R. 41(B). We consider these arguments in turn.

{¶ 6} A trial court may dismiss an action pursuant to Civ.R. 41(B)(1) when a plaintiff fails to prosecute. *Pembaur v. Leis*, 1 Ohio St.3d 89, 90 (1982). Civ.R. 41(B)(1) states:

> Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 7} The power to dismiss for failure to prosecute is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. *Pembaur* at 91. Therefore, a trial court's dismissal for failure to prosecute will not be reversed unless the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A dismissal for

failure to prosecute is an adjudication on the merits, unless the court's order otherwise specifies. Civ.R. 41(B)(3).

{¶ 8} Civ.R. 41(B)(1) requires that a plaintiff receive notice before the dismissal, thereby affording the plaintiff an opportunity to correct the default or explain why the case should not be dismissed with prejudice. *Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167 (10th Dist. 1981). It is error for the trial court to dismiss a plaintiff's case for failure to prosecute without notice. *Williams v. Banner Buick, Inc.*, 60 Ohio App.3d 128, 131 (12th Dist. 1989). Therefore, appellate review of a dismissal for failure to prosecute involves two assessments. First, an appellate court must determine if the trial court provided the plaintiff with sufficient notice prior to the dismissal. Second, an appellate court must determine whether the dismissal constituted an abuse of discretion.

{¶ 9} On August 21, 2023, the trial court sent notice to Clark that failure to show cause within 14 days would result in a dismissal of her action. We find that this constitutes notice to Clark that her action was at risk of dismissal. Further, we do not find that the trial court abused its discretion by dismissing Clark's action. As the trial court noted, Clark was a registered user of the trial court's electronic filing system and was responsible for checking the account for notices and filings pertinent to her case. Even if Clark's internet access was down for several days, "the e-Filing notification would still have been viewable in her e-Filing account, and the courtesy e-mail in her e-mail inbox, after her internet access was restored." (Apr. 17, 2024 Decision at 2.) The trial court also sent Clark notice via mail providing another avenue of notification and warning to Clark. Accordingly, we overrule Clark's assignment of error arguing that the trial court abused its discretion in dismissing her action.

{¶ 10} Clark also argues that the dismissal of her action violated her due process rights. This court has noted, however, that "[d]ue process will be afforded plaintiff through . . . receiving a notice of and an opportunity to be heard on the Civ. R. 41(B)(1) motion to dismiss." *Metcalf* at 169. The Supreme Court of Ohio has held: "the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." (Emphasis in original.) *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101 (1986). This court in

*Otterbacher v. Roadway Package Servs., Inc.*, 1997 Ohio App. LEXIS 4215, *8-11 (10th Dist. Sept. 16, 1997), acknowledged the *Ohio Furniture* holding: "In *Ohio Furniture*, the court stated that the 'notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice.'" (Emphasis in original.)

{¶ 11} We recognize that the trial court's dismissal here was *without* prejudice, yet the trial court still provided due process guarantees of prior notice and an opportunity for Clark to be heard. Moreover, having dismissed her case without prejudice, the trial court has not foreclosed her from seeking relief in the future. Accordingly, we overrule Clark's second assignment of error.

## III. CONCLUSION

{¶ 12} Having overruled both of Clark's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

––––––––––––